UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AYOTUNJI AKINLAWON,

Plaintiff,

v.

9:24-CV-0017
(DNH/MJK)

GREGORY D. MAYO, Correction Sergeant, ONEIL, Correction Officer, JOHN DOE #1, Correction Officer, KATHY HOCHUL, Governor, LALIBERTY, Deputy, DANIEL F. MARTUSCELLO, III, Superintendent, ONEIDA COUNTY MAYOR, and MURPHY,

Defendants.

---

APPEARANCES:

AYOTUNJI AKINLAWON
Plaintiff, pro se
13-B-3238
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Ayotunji Akinlawon ("Akinlawon" or "plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl.").

Akinlawon, who is presently confined at Mid-State Correctional Facility ("Mid-State C.F"), has not paid the filing fee for this action and seeks leave to proceed in forma pauperis

("IFP"). Dkt. No. 6 ("IFP Application"). Plaintiff also filed a motion for preliminary injunctive relief. Dkt. No. 4.

## II. IFP APPLICATION[1]

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of Akinlawon's IFP Application, the Court finds that he has demonstrated sufficient economic need. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate authorization form required in this District. *See* Dkt. No. 7. Accordingly, the Court grants plaintiff's IFP Application.

## III. LEGAL STANDARDS FOR REVIEW

Having found that Akinlawon meets the financial criteria for commencing this action IFP, and because plaintiff seeks relief from an officer or employee of a governmental entity,

---

[1] On January 8, 2024, the Court denied plaintiff's first IFP application (Dkt. No. 2) and administratively closed this action due to plaintiff's failure to comply with the filing fee requirements. Dkt. No. 5. The matter was reopened upon receipt of plaintiff's second IFP Application. See Dkt. Nos. 6 and 8.

[2] Section 1915(g) prohibits a prisoner from proceeding IFP where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. *See* http://pacer.uspci.uscourts.gov. It does not appear from that review that plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other

[3] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009).

Because Akinlawon is proceeding pro se, the Court will construe the allegations in the complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

## IV. SUMMARY OF THE COMPLAINT

The incidents that form the foundation for the complaint occurred while Akinlawon was confined at Mid-State C.F. *See generally* Compl. The following facts are set forth as alleged

by plaintiff in his complaint.

On or around July 18, 2023, defendants Corrections Officers O'Neil ("O'Neil") and John Doe #1 ("Doe #1") transported plaintiff, in a van, from Mid-State C.F. to another correctional facility for physical therapy. Compl. at 3-4. During the return trip to Mid-State C.F., O'Neil and Doe #1 drove beyond Mid-State C.F. and took Akinlawon to "an area that had houses and also several onlookers" who were "anticipating" his arrival. *Id*. at 4.

When the doors of the van opened, O'Neil began assaulting Akinlawon, who was handcuffed. Compl. at 4. O'Neil "punch[ed], chok[ed], and rap[ed]" plaintiff. *Id*. at 4-5. The incident was filmed by "spectators" who filmed the incidents and yelled at Akinlawon to delete his social media accounts. *Id*. at 5. During the assault, Doe #1 "had his gun trained on [plaintiff]." *Id*. O'Neil told plaintiff that "Captain Murphy was waiting for part 2" and would meet them "at the next spot." *Id*.

Plaintiff was transported to another location where he was "again sexually assaulted" and beaten by O'Neil. Compl. at 6. During the assault, Doe #1 "had his gun trained on [plaintiff]." *Id*. Again, spectators filmed the incident and yelled at Akinlawon to delete his social media accounts. *Id.*

On the way back to the facility, O'Neil put Akinlawon on "Facetime" to speak with defendant Murphy ("Murphy"). Compl. at 6. Murphy told Akinlawon that he would help him "escape" if plaintiff sent "Anthrax to President Joe Biden[.]" *Id*. Defendant Sergeant Gregory D. Mayo ("Mayo") attempted to persuade Akinlawon to "mail the POTUS something dangerous" and offered to identify the people that were present during the assault. *Id*. at 7. Defendant PREA Deputy Laliberty ("Laliberty") refused to provide medical assistance or

counseling and "cover[ed] up" the incident. *Id*.

Plaintiff claims that defendant Oneida County Mayor operates a "concentration camp" with "no measures" to protect the inhabitants. Compl. at 7-8. Plaintiff also alleges that defendant Governor Kathy Hochul ("Hochul") was personally involved because she "supervises" the state. *Id*. at 8. Similarly, defendant Commissioner Daniel F. Martuscello, III ("Martuscello") failed to properly supervise his staff. *Id*.

Construed liberally,[4] the complaint contains Eighth Amendment claims. *See generally* Compl. Plaintiff seeks injunctive, declaratory, and monetary relief. *See id.* at 9-13. For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

## V. ANALYSIS

Akinlawon seeks relief pursuant to Section 1983, which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights

---

[4] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain a Section 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id*.

**A. <u>Excessive Force and Sexual Abuse</u>**

The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262–63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

"The Eighth Amendment [also] requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer*, 511 U.S. at 832). Law enforcement officials, including prison officials, can be held liable under § 1983 for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of

excessive force, in their presence. *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001); *see also Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (prison official's Eighth Amendment duty to take reasonable measures to guarantee the safety of inmates in their custody includes a duty to protect inmates from harm threatened by other officers).

"Because sexual abuse of a prisoner by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997). "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." *Crawford v. Cuomo*, 796 F.3d 252, 256-57 (2d Cir. 2015). "[A] single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct." *Id*.

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against O'Neil and Doe #1 require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.[5]

[5] Because plaintiff has asserted excessive force and failure to intervene claims against a correction officer whose name is not known to plaintiff, service of process cannot be effected on the officer unless and until this individual has been identified by name. If plaintiff wishes to pursue his claims against defendant John Doe #1, he must take reasonable steps to ascertain through discovery the identity of the individual. Upon learning the identity of the unnamed defendant, plaintiff must amend the operative complaint to properly name the individual as a party. If plaintiff fails to ascertain the identity of the John Doe defendant so as to permit timely service of process, all claims against that individual will be dismissed.

**B. Claims Against Oneida County Mayor, Martuscello, and Hochul**

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.' " *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, a plaintiff must plead "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates" by the Defendant. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). There is no special test for liability of supervisors, " 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' " *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal,* 556 U.S. at 676).

The complaint is devoid of allegations suggesting that the Oneida County Mayor, Martuscello, and Hochul were personally involved in any of the alleged events. Accordingly, plaintiff's § 1983 supervisory liability claims against these defendants are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**C. Claims Against Murphy, Mayo, and Laliberty**

Verbal harassment, absent physical injury, are not constitutional violations cognizable under Section 1983. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (per curiam); *Aziz Zarif Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected

right and therefore is not actionable under 42 U.S.C. § 1983") (quotation omitted); *Rivera v. Goord*, 119 F.Supp.2d 327, 342 (S.D.N.Y. 2000) (collecting cases); *Rosales v. Kikendall*, 677 F.Supp.2d 643, 648 (W.D.N.Y. 2010) ("In this Circuit, allegations of verbal harassment or threats are generally an insufficient basis for an inmate's § 1983 claim."); *see also Gill v. Hoadley*, 261 F.Supp.2d 113, 129 (N.D.N.Y. 2003) ("42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse.") (citation omitted).

Accordingly, Akinlawon's harassment claims against Murphy, Mayo, and Laliberty are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Moreover, the Court notes that an action is frivolous as a matter of law when, *inter alia*, "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation and citation omitted).

Here, plaintiff's claims that defendants attempted to persuade him to escape and harm the President of the United States, *see* Compl. at 6, 7, are factually frivolous. *See Sun Jung v. Bloomberg*, No. 10 Civ. 0118, 2010 WL 276641, at *1 (E.D.N.Y. Jan. 19, 2010) (the Court dismissed the plaintiff's claim that he was the target of mind control and that the defendants implanted a tracking device with prejudice); *see also Manzo v. Manzo*, No. 95-CV-4286, 1995 WL 837317, at *2 (E.D.N.Y. Mar. 18, 1995) (the plaintiff's mind control claims were completely delusional and subject to dismissal); *see also Ninortey v. Shova*, No. 05 Civ 542, 2008 WL 4067107, at *8 (S.D.N.Y. Sept. 2, 2008) (the plaintiff's claims were irrational, incredible and delusional and thus, subject to dismissal). Thus, any claims against any

defendants relating to escaping and poisoning the President of the United States are dismissed with prejudice for failure to state a claim upon which relief may be granted.

**VI. MOTION FOR PRELIMINARY INJUNCTION**

Akinlawon has also filed a motion seeking injunctive relief. Dkt. No. 4. Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id.* at 35; *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 405–06 (2d Cir. 2011).

However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo*, 638 F.3d at 406; *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted). The district court has wide discretion in determining whether to grant a preliminary

injunction. *Moore*, 409 F.3d at 511.

The alleged violation of a constitutional generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly*, 76 F.3d 468, 482 (2d Cir. 1996). However, "[i]rreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedies by an award of monetary damages." *N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir.), *cert. dismissed sub nom. Allergan PLC v. N.Y. ex rel. Schneiderman*, 136 S. Ct. 581, 193 L.Ed. 2d 421 (2015) (citation and internal quotation marks omitted).

Furthermore, "to prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006); *see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward"

"In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F.Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994)) (other citations omitted).

Here, the injunction sought by Akinlawon is mandatory and therefore the "clear and

substantial" showing of a likelihood of success standard will be used. Akinlawon moves for injunctive relief against Laliberty, the Oneida County Mayor, Martuscello, and Hochul. Dkt. No. 4 at 2. Plaintiff seeks an order prohibiting defendants from depriving plaintiff of his right to report the assault, directing defendants to supervise their employees, and ordering defendants to investigate the incidents and criminally charge O'Neill, Doe #1, and Murphy. *See generally* Dkt. No. 4.

Injunctive relief is inappropriate at this stage. As discussed *supra*, plaintiff's claims against Laliberty, the Oneida County Mayor, Martuscello, and Hochul are dismissed for failure to state a claim and these individuals have been dismissed as defendants. Therefore, to the extent that plaintiff seeks injunctive relief against individuals who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Moreover, it is noted that the relief requested by Akinlawon amounts to little more than an "obey the law" injunction. "Obey the law" injunctions are vague, do not require defendants to do anything more than that already imposed by the law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement. As such, these injunctions are not favored and the relief requested is not warranted here." *Rowe v. N.Y.S. Div. of Budget*, No. 11-CV-1150, 2012 WL 4092856,

at *7 (N.D.N.Y. Sept. 12, 2012) (citing *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435–36 (1941)).

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied.

## VII. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's IFP application (Dkt. No. 6) is **GRANTED**;[6]

2. The Clerk provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's Inmate Authorization, and notify the official that this action has been filed and that plaintiff is required to pay the Northern District of New York the statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915;

3. The Clerk of the Court provide a copy of plaintiff's Inmate Authorization to the Financial Deputy of the Clerk's Office;

4. The following claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b): (1) plaintiff's § 1983 claims against Oneida County Mayor, Martuscello, Hochul; and (2) plaintiff's § 1983 claims against Murphy, Mayo, and Laliberty;[7]

5. The Eighth Amendment excessive force and failure to intervene claims against O'Neil and Doe #1 survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B)

---

[6] Plaintiff should note that, although the Court has granted his application to proceed IFP, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[7] If plaintiff wishes to pursue any claim dismissed without prejudice, he is advised that, if accepted for filing, any amended complaint will entirely replace the original complaint and incorporation of prior claims is not permitted.

and 28 U.S.C. § 1915A(b) and require a response;

6. Plaintiff shall take reasonable steps through discovery to ascertain the identity of defendant Doe #1. Plaintiff's failure to timely serve this defendant will result in dismissal of the claims asserted against him and termination of this defendant from the action;

7. That Oneida County Mayor, Martuscello, Hochul, Murphy, Mayo, and Laliberty are **DISMISSED** as defendants herein;

8. Upon receipt of the documents for service from plaintiff, the Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the remaining defendants. The Clerk shall forward a copy of the summonses and complaint to the Office of the Attorney General, together with a copy of this Decision and Order by electronic mail only;

9. A response to the complaint be filed by defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure;

10. All pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**;

11. Plaintiff's motion for a preliminary injunction (Dkt. No. 4) is **DENIED**;

12. The Clerk serve a copy of this Decision and Order on plaintiff in accordance with

the Local Rules of Practice.

IT IS SO ORDERED.

Dated: March 11, 2024
Utica, New York.

United States District Judge