### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF NEW YORK

---

Ayotunji Akinlawon,

            Plaintiff,

    v.                                    9:24-CV-17
                                            (AJB/MJK)

Ryan O'Neil, et al.

             Defendants.

---

Ayotunji Akinlawon, Plaintiff, *pro se*
Susanna M. Klose, Esq., Asst. Attorney General, for Defendant

Mitchell J. Katz, United States Magistrate Judge

To the Honorable Anthony J. Brindisi, U.S. District Court Judge:

### REPORT-RECOMMENDATION

U.S. District Judge Anthony J. Brindisi referred this matter to the Court for a report and recommendation.[1] Before the Court is O'Neil's Fed. R. Civ. P. 41(b) motion to dismiss for failure to prosecute, and Fed. R. Civ. P. 37(b)(2)(A)(v) motion to dismiss for failure to obey a discovery order (Dkt. 64). Akinlawon opposed the motion, and O'Neil replied. (Dkts. 72, 73). For the reasons below, the Court recommends granting O'Neil's motion to dismiss.

---

[1] The District Court has the authority to refer dispositive motions to this Court under 28 U.S.C. § 636(b) and N.D.N.Y. Local Rule 72.3(c).

## I.   BACKGROUND

On January 4, 2024, Akinlawon began this action by filing a Complaint, under 42 U.S.C. § 1983, alleging several constitutional violations that occurred in July 2023. (Complaint, Dkt. 1). Consistent with normal practice, this Court sent Akinlawon a copy of the *Pro Se* handbook and the District's Local Rules. (Dkt. 26).

In December 2024, Defense Counsel sent Akinlawon a Notice of Deposition. (Notice of Depo., Dkt. 64-4). Defense Counsel attached a blank copy of this Court's mandatory pretrial scheduling order to the notice. (*Id.* at pgs. 3-13). In the mandatory pretrial scheduling order, the Court notified Akinlawon that his failure "to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." (*Id.* at pg. 7).

A month later, Defense Counsel deposed Akinlawon. *See* (Jan 2025 Depo, Dkt. 64-5). At the deposition, Defense Counsel asked Akinlawon questions about the allegations. *See generally* (*id.*). While he answered several questions, Akinlawon could not answer others without refreshing his recollection. *See, e.g.,* (*id.* at pgs. 25, 60, 64, 99). At the end of the deposition, Akinlawon testified that he wanted to

voluntarily dismiss the lawsuit. (*Id.*, pg. 117, at lns. 18-23). Defendants adjourned the deposition to continue a later date.

At a March 2025 status conference, Akinlawon confirmed to the Court his desire to voluntarily dismiss the lawsuit. (Dkt. 48). Because of this desire, the Court instructed Akinlawon to sign the Stipulation of Discontinuance Defense Counsel sent him and return the signed document to Defense Counsel. (*Id.*) The Court, after the March 2025 status conference, reset the case's discovery deadlines. (*Id.*).

At the April 2025 deposition, a continuation of the January 2025 Deposition, Akinlawon told Defense Counsel that he signed the Stipulation of Discontinuance and mailed it to the New York State Attorney General's Office. (April 2025 Depo, Dkt. 64-9, pg. 10, at lns. 5-16). Two months later, the Court held a status conference. (Dkt. 55). The Court, at that conference, ordered Akinlowan to sign and return the Stipulation of Discontinuance. (*Id.*).

Seeming to change his mind, Akinlawon filed a letter seeking to move forward with discovery. (Dkt. 58). In response, Defense Counsel sent Akinlawon a notice for an October 2025 deposition. (Oct. 2025 Depo Notice, Dkt. 64-11, at pg. 1). Akinlawon never appeared for that

deposition. *See generally* (Oct 2025 Depo, Dkt. 64-12). With that, Defense Counsel requested leave of the Court to file a motion to dismiss for failure to prosecute. (Dkt. 62). The Court granted that request. (Dkt. 63). Two weeks after the new year began, Defense Counsel filed the pending motion. (Dkt. 64). Akinlawon responded. (Dkt. 72). In his response, Akinlawon argued that because he tried to dismiss the case, and was unable to, he should have a trial. (*Id.* at pgs. 1, 5). He also argued that he has attempted to engage in Discovery, and he has never voluntarily missed a deposition. (*Id.* at pgs. 1, 2-3, 4-5).

## II.    DISCUSSION

**The Court should dismiss this case because Akinlawon has stated that he wants to dismiss this case, and he has not engaged in the discovery process.**

The Court recommends the District Court dismiss Akinlawon's Complaint for failure to prosecute. On several occasions, Akinlawon has communicated to Defense Counsel that he intends to voluntarily dismiss this case. Consistent with those statements, Akinlawon failed to attend the October 2025 deposition, and he has not engaged in discovery. In other words, Akinlawon has not shown any interest in

litigating this case. And because that's so, the District Court should dismiss Akinlawon's Complaint.

"If the plaintiff fails to prosecute or to comply with" the Federal Rules of Civil Procedure "or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Courts may dismiss a case for the plaintiff's failure to prosecute where "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "None of these factors [are] dispositive." *Parson v. Barboza*, No. 14-CV-1267 (BKS/CFH), 2016 WL 7264953, at *3 (N.D.N.Y. Dec. 15, 2016). And "[p]laintiff[s'] *pro se* status does not excuse [their] noncompliance with Court orders." *Rouse v. Transworld Sys., Inc.*, No. 24-CV-8123, 2025 WL 3537377, at *5 (E.D.N.Y. Dec. 10, 2025).

## A. Duration

The duration factor weighs in favor of dismissal. When examining the duration factor, courts ask two questions: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake*, 375 F.3d at 255. Here, Akinlawon bears the entire blame for failing to prosecute his case, and the delay was significant. During his January 29, 2025 deposition, Akinlawon testified that he wanted to voluntarily dismiss the lawsuit. (Jan 2025 Depo, Dkt. 64-5, pg. 117, at lns. 18-23). Consistent with that intent, at the April 28, 2025 deposition, a continuation of the January depsotion, Akinlawon told Defense Counsel that he signed a Stipulation of Discontinuance and mailed it to the Attorney General's office. (April 2025 Depo, Dkt. 64-9, pg. 10, at lns. 5-16). Akinlawon also reaffirmed his desire to discontinue the litigation. *See* (*id.* at pgs. 10-11). Although he subsequently filed a letter indicating his desire to continue litigating this case, Akinlawon refused to attend the October 2025 deposition, a continuation of the April and January depositions. *See generally* (Oct 2025 Depo, Dkt. 64-12). When Defense Counsel filed this motion to dismiss in January 2026, it had been about one year since Akinlawon did anything to move his case forward. Courts have found delays

6

shorter than that to be fatal. *See Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (finding the duration of the delay factor "weighs heavily" in defendants favor where the delay was seven months) (collecting cases). So here, like *Caussade*, the Court finds that the duration factors weighs heavily in O'Neil's favor.

### B. Notice

The notice factor weighs in favor of dismissal. When examining the notice factor, courts ask whether the non-moving party "received notice that further delays would result in dismissal." *U.S. ex rel. Drake*, 375 F.3d at 255. In the *Pro Se* handbook, the Court advises plaintiffs that "Local Rule 41.2(a) provides that the failure of a plaintiff to take any action in [their] case for four (4) months shall be presumptive evidence of a lack of prosecution. Therefore if a plaintiff fails to take any action in" their "case for a period of four (4) months or more, the case is subject to dismissal by the Court." (*Pro Se* Handbook, Dkt. 26, at pg. 45). Here, the Court provided Akinlawon with a copy of the *Pro Se* handbook. (Dkt. 26). So the Court provided Akinlawon notice that his failure to prosecute this action could—and would—lead to the Court dismissing his case. But if that was not enough, the Court also warned

Akinlawon that his case could be dismissed, under Fed. R. Civ. P. 37, for failure to attend and answer questions at the deposition. *See* (Jan Depo Notice, Dkt. 64-4, at pg. 7). Akinlawon, armed with this notice, still refused to attend the October 2025 deposition continuation. *See* (Oct. 2025 Depo., Dkt. 64-12, pg. 5-6, at lns. 14-17). "On these facts," the Court finds "that even a layperson would have been put on notice of the possibility of dismissal." *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (summary order) (finding the notice factor weighs in favor of dismissal). Thus, the notice factor weighs in favor of dismissal.

### C. Prejudice

The prejudice factor weighs in O'Neil's favor. When analyzing this factor, courts "examine whether defendants are likely to be prejudiced by further delay." *U.S. ex rel. Drake*, 375 F.3d at 256. "Prejudice could be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Id.* " Fading memories with the passage of time may result in unfair prejudice to Defendants if the action is permitted to continue." *Lau v. NYSARC Tr. Serv., Inc.*, No. 20-CV-801 (BKS/CFH), 2024 WL 1723587,

at *3 (N.D.N.Y. Apr. 18, 2024) (cleaned up). Here, memories are fading. For example, Akinlawon, during the January deposition, could not recall several facts without refreshing his memory. *See, e.g.,* (Jan 2025 Depo, Dkt. 64-5, at pgs. 25, 60, 64, 99). Akinlawon's fading memory makes sense. The underlying incident purportedly occurred in July 2023—nearly three years before Defendants filed this motion. *See* (Complaint, Dkt. 1, pg. 3, at ¶16); *see also* (Jan 2025 Depo, Dkt. 64-5, pg. 41, at lns. 5-11). Although the fading memories are understandable, they prejudice O'Neil. *See Lau*, 2024 WL 1723587, at *3. Worse yet, Akinlawon caused this lengthy delay, which will only cause more memories to fade, and the delay is inexcusable. So the Court finds that this factors weighs in O'Neil's favor.

### D. Balance Between Calendar Congestion and Opportunity to Be Heard

This factor also weighs in O'Neil's favor. "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas v. Miles*, 84 F.3d 532, 535–36 (2d Cir. 1996). But at the same time, courts "must also consider fairness to other litigants, whether in the same case or merely in the same court as competitors for

9

scarce judicial resources." *Lau*, 2024 WL 1723587, at *3 (cleaned up). "The Court's interest in managing its docket is significant, as it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket where" Akinlawon has "made no effort to comply with the Court's orders or to prosecute this case." *Minier v. Mensah*, No. 24-CV-1781, 2025 WL 1626439, at *4 (S.D.N.Y. Feb. 21, 2025) (finding this factor weighs against the plaintiff and dismissing the case for failure to prosecute). The Court, therefore, finds that this factor weighs in favor of dismissal.

### E. Consideration of lesser sanctions

This factor also weighs in favor of dismissal. In the Rule 41(b) analysis, courts also "consider whether lesser sanctions would have been sufficient to remedy any prejudice resulting from [the] plaintiff's delay." *U.S. ex rel. Drake*, 375 F.3d at 257. Here, lesser sanctions are inappropriate. "A fine is not likely to be effective in addressing the prejudice" O'Neil "suffered from the delay in the case as" Akinlawon "is unlikely to be able to pay, and a fine does not mitigate the potential difficulty defendants could face in collecting evidence on an alleged incident that occurred in" 2023. *McMillan v. Bowers*, No. 21-CV-0889

(LEK/CFH), 2022 WL 19405935, at *5 (N.D.N.Y. Nov. 28, 2022) (cleaned up) (recommending dismissal under Rule 41(b)). Akinlawon's renewed interest in litigating this case does not change this consideration. *See* (Akinlawon Response, Dkt. 72, at pg. 5). The Court has already reset discovery deadlines several times. *See* (Dkts. 48, 57, 61). The District Court should not require this Court to again reset discovery deadlines and force O'Neil to engage in discovery hoping that Akinlawon will finally prosecute this case. *Cf. Russell v. Terraferma*, No. 16-CV-00468 (BKS/DJS), 2018 WL 2364285, at *3 (N.D.N.Y. May 24, 2018) (dismissing the Complaint because Plaintiff . . . made no indication that he intends to pursue this action," so "the Court conclude[d] that a sanction less than dismissal would be ineffective"). In consequence, the Court finds that this factors weighs in favor of dismissal.

* * *

Considering the *Drake* factors, the Court recommends dismissing the Complaint for failure to prosecute. Akinlawon has shirked his duty to prosecute this case. Everything Akinlawon has—or has not—done shows that he has no interest in prosecuting this case. Even viewing the

11

evidence in the light most favorable to him, Akinlawon tried to dismiss the case, changed his mind, failed to engage in discovery, and only requested a trial after claiming that he could not voluntarily dismiss his case. (Jan 2025 Depo, Dkt. 64-5 pg. 117, at lns. 18-23); (April 2025 Depo, Dkt. 64-9, pg. 10, at lns. 5-16); (Dkt. 58); (Oct 2025 Depo, Dkt. 64-12); (Akinlawon response, Dkt. 72 at pgs. 1, 5). So this Court recommends the District Court dismiss Akinlawon's Complaint with prejudice and without leave to amend.

* * *

The analysis is the same under Rule 37(b)(2)(A)(v). *See Davis v. City of New York*, No. 17-CV-3863, 2019 WL 7842400, at *6 (E.D.N.Y. Dec. 3, 2019) (cleaned up) ("Because of the substantial overlap between the factors commonly used to decide whether to dismiss an action under Rule 41(b) and under Rule 37(b)(2)(A), [there is] no need to repeat [the] discussion of redundant factors in detail."). And because that's true, the Court's Rule 41(b) analysis is equally applicable here. Thus, the Court also recommends dismissing O'Neil's Complaint under Rule 37(b)(2)(A).

## III.    CONCLUSION

**WHEREFORE**, for the reasons set forth above, it is hereby

**RECOMMENDED**, that O'Neil's motion to dismiss for failure to prosecute and failure to obey a discovery order (Dkt. 64) be **GRANTED**, and that Akinlawon's Complaint (Dkt. 1) be **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED**, that the clerk serve a copy of this Order and Report-Recommendation on Akinlawon at the address the Court has on file, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2008) (per curiam).

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 16th, 2026.

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge

13

Davis v. City of New York, Not Reported in Fed. Supp. (2019)

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 14 of 62

2019 WL 7842400
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Kevin DAVIS, Plaintiff,

v.

CITY OF NEW YORK, New York City Department of Corrections, New York City Department of Investigations,
Correction Officers Benevolent Association, Inc., Dina Simon, Gregory Kuczinski, Heidi Grossman, Becky Scott,
Jonelle Shivraj, Rajin Shivraj, Malia Greathouse, Yomaira Kelley, Albert Mammon, Janilda Cabrera, Defendants.

17-CV-3863-MKB-SJB
|
Signed 12/03/2019

**Attorneys and Law Firms**

Kevin Davis, Brooklyn, NY, pro se.

Mohammad Adil Yaqoob, Cassandra Natasha Branch, New York City Law Department, New York, NY, Shirley Wenwei Bi,
Littler Mendelson, P.C., Melville, NY, for Defendants.

## REPORT AND RECOMMENDATION

BULSARA, United States Magistrate Judge:

 **\*1** On June 23, 2017, Plaintiff Kevin Davis ("Davis"), proceeding *pro se* and *in forma pauperis*, brought this action against the
City of New York, the New York City Department of Corrections, the New York City Department of Investigations, Correction
Officers Benevolent Association, Inc., Dina Simon, Gregory Kuczinski, Heidi Grossman, Becky Scott, Jonelle Shivraj, Rajin
Shivraj, Malia Greathouse, Yomaira Kelley, Albert Mammon, and Janilda Cabrera (collectively, "Defendants"). Davis alleged
he was discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"),
the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Americans with Disabilities Act, 42
U.S.C. § 12101 *et seq.* ("ADA"), when he was terminated from employment by the New York City Department of Corrections
("DOC"). (Compl. dated June 23, 2017, Dkt. No. 1 ("Compl.")).

On November 22, 2017, District Judge Margo K. Brodie dismissed without prejudice Plaintiff's complaint for failure to state a
claim. (Mem. & Order dated Nov. 22, 2017 ("Nov. 22 Order"), Dkt. No. 6). Following this dismissal, Davis filed an amended
complaint on February 12, 2018. (Am. Compl. dated Feb. 12, 2018 ("Am. Compl."), Dkt. No. 9). Judge Brodie found Davis's
amended complaint plausibly alleged claims against the City of New York ("City") for hostile work environment and retaliation
in violation of Title VII, New York State Human Rights Law, and New York City Human Rights Law, and therefore permitted
Davis to proceed with his lawsuit. (*See* Order dated Aug. 24, 2018 ("Aug. Order")).

Since that decision, Davis has failed to comply with multiple court orders by failing to appear at three conferences and failing
to file required letters with the Court, (Scheduling Order dated Nov. 13, 2018 ("Nov. 13 Order"); Order dated Dec. 10, 2018
("Dec. 10 Order"); Order dated Dec. 20, 2018 ("Dec. 20 Order"), Dkt. No. 22; Order to Show Cause dated Jan. 11, 2019 ("Jan.
11 Order"); Notice dated Jan. 31, 2019 ("Jan. Notice"); Order to Show Cause dated Oct. 23, 2019 ("Oct. 23 Order")), despite
receiving warnings that failure to do so could result in dismissal of his case, (*see* Dec. 20 Order; Jan. 11 Order; Oct. 23 Order).
The City filed a motion to dismiss for lack of prosecution after Davis took no action in the case for four months. (Mot. dated Apr.
19, 2019 ("Apr. Mot."), Dkt. No. 26). After another four months passed with Davis still taking no action, the City filed a second

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 15 of 62

Davis v. City of New York, Not Reported in Fed. Supp. (2019)

motion to dismiss for lack of prosecution. (Mot. dated Aug. 19, 2019 ("Aug. Mot."), Dkt. No. 29). Davis never filed a response to either motion. The Honorable Margo K. Brodie referred the motions to the undersigned for a report and recommendation. (Order dated Nov. 22, 2019). For the reasons described below, the Court recommends granting the City's motions and dismissing Davis's claims with prejudice for two reasons: (1) failure to abide by this Court's Orders; and (2) failure to prosecute.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**\*2** Davis worked as a probationary Correction Officer for the DOC before his termination on October 6, 2016. (Compl. at 7). Proceeding *pro se* and *in forma pauperis*, he commenced this suit on June 23, 2017, alleging employment discrimination by the Defendants. (Compl.; Nov. 22 Order). On November 22, 2017, Judge Brodie dismissed Davis's complaint for failure to state a claim. (*See* Nov. 22 Order). Davis filed an amended complaint on February 12, 2018. (Am. Compl.).

Davis's amended complaint alleged a pattern of inappropriate behavior by other DOC officers, including sexual and racist jokes, groping, and invasive questions, (Am. Compl. ¶¶ 16–21, 63–72). The amended complaint also alleged the City engaged in retaliatory behavior, including his eventual termination, to prevent Davis from disclosing the harassment, (*id.* ¶¶ 22–27, 32–41, 112–16).

Upon review of the amended complaint, Judge Brodie found Davis plausibly alleged claims for hostile work environment and retaliation in violation of Title VII, New York State Human Rights Law, and New York City Human Rights Law and permitted Davis to proceed with these claims against the City. (*See* Aug. Order). This Court scheduled an in-person initial conference for January 11, 2019. (Nov. 13 Order).

On December 7, 2018, the City filed a motion for a pre-motion conference in anticipation of a motion to dismiss the amended complaint. (Mot. dated Dec. 7, 2018, Dkt. No. 18). The Court granted the motion and scheduled the conference for December 20, 2018. (Dec. 10 Order). Despite service of this Order on Davis, (Aff. of Service ("Service Aff. of Dec. 10 Order"), Dkt. No. 20), he failed to appear at the pre-motion conference. (Dec. 20 Order). The Court rescheduled the conference for January 31, 2019 and warned Davis that failure to appear at this conference could result in negative consequences including an order preventing him from filing another amended complaint or dismissing his case with prejudice. (Dec. 20 Order). The Court also ordered him to submit a letter by January 15, 2019 explaining his failed appearance. (*Id.*). But, as of January 15, 2019, Davis did not submit any explanation.

On January 11, 2019, Davis failed to appear for the initial conference despite receiving service of the Scheduling Order. (Jan. 11 Order; Aff. of Service ("Service Aff. of Nov. 13 Order"), Dkt. No. 17). This Court ordered him to explain by letter why he failed to attend by January 22, 2019. (Jan. 11 Order). Davis again did not comply. The Court warned Davis that failure to appear at the next conference may lead to sanctions, "including dismissal of his case." (*Id.*).

Nonetheless, on January 31, 2019, Davis failed yet again to appear for the rescheduled pre-motion hearing. (Jan. Notice). On April 19, 2019, following four months of inaction by Davis, the City filed a motion to dismiss for lack of prosecution (Apr. Mot.). Four additional months passed, and Davis still took no action, prompting the City to file a second motion to dismiss for lack of prosecution. (Aug. Mot.).[1] On October 23, 2019, this Court gave Davis one final opportunity to explain by November 6, 2019 why the case should not be dismissed based on a failure to prosecute. (Oct. 23 Order). A copy of the order was mailed to Plaintiff's home address. (Entry dated Oct. 23, 2019 ("Oct. 23 Entry")). As of the date of this Report and Recommendation, Davis has failed to respond to the Oct. 23 Order, failed to abide by a single court order since the Amended Complaint was filed, failed to respond to successive motions to dismiss, and failed to prosecute his case by serving a single discovery demand.[2]

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 16 of 62

Davis v. City of New York, Not Reported in Fed. Supp. (2019)

DISCUSSION

I. Dismissal with Prejudice under Rules 16(f) and 37(b)

**\*3** "A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant ... for disobeying the court's orders[.]" *Mickle v. Morin,* 297 F.3d 114, 125 (2d Cir. 2002). "The imposition of sanctions pursuant to Rule 37 (and ... Rule 16(f)) is a matter committed to the sound discretion of the District Court." *Neufeld v. Neufeld,* 172 F.R.D. 115, 118 (S.D.N.Y. 1997). The purpose of such sanctions, including dismissal, is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine v. Museum of Modern Art,* 29 F.3d 47, 49–50 (2d Cir. 1994) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976)). The Court recommends that Davis's claims be dismissed with prejudice, because he has repeatedly failed to appear at pretrial conferences and failed to comply with multiple court orders.

A court may sanction a party for failing to appear—either at a court conference or as the Court directs. Rule 16(f)(1)(A) of the Federal Rules of Civil Procedure provides that a "court may issue any just orders, including those authorized by Rule 37(b) (2)(A)(ii)–(vii), if a party ... fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A). A court also has the ability to sanction a party for failing to abide by any of its orders. Fed. R. Civ. P. 16(f)(1)(C) (permitting sanctions where party "fails to obey a scheduling or other pretrial order."); *Martin v. Giordano,* 185 F. Supp. 3d 339, 354 (E.D.N.Y. 2016) ("When a party or its attorney engages in conduct proscribed by Rule 16(f), the court may issue any just orders." (quotations omitted)); *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.,* 301 F.R.D. 31, 35 (S.D.N.Y. 2014) ("Rule 37(b)(2)(A)(ii)– (vii), which Rule 16(f) references, sets forth a non-exclusive list of sanctions a court may impose against a party for failing to comply with a court order[,]" including dismissal.). "The court need not find that a party or litigant acted in bad faith as a prerequisite to imposing sanctions under Rule 16(f); [r]ather, the fact that a party violated a pretrial order is sufficient to allow a Rule 16 sanction." *Giordano,* 185 F. Supp. 3d at 354 (quotations omitted).

Here, Davis failed to appear at three pretrial conferences and failed to obey three separate court orders. First, he failed to appear at the pre-motion conference scheduled for December 20, 2018, despite being served with notice of the conference. (*See* Dec. 10 Order; Service Aff. of Dec. 10 Order; Dec. 20 Order). Davis then failed to file a letter explaining his reasons for missing the conference, despite being mailed a copy of the Order directing him to do so. (*See* Dec. 20 Order; Aff. of Service ("Service Aff. of Dec. 20 Order"), Dkt. No. 23). On January 11, 2019, Davis, despite service, failed to appear for an initial conference and then failed to file a letter with the Court explaining his absence. (*See* Nov. 13 Order; Jan. 11 Order; Service Aff. of Nov. 13 Order; Affs. of Service ("Service Affs. of Jan. 11 Order"), Dkt. Nos. 24–25). Davis also failed to appear at the rescheduled pre-motion hearing on January 31, 2019, (Jan. Notice), thereby missing a third conference and disobeying another court order to appear in person (Dec. 20 Order). Lastly, when given one final opportunity to explain why this case should not be dismissed for failure to prosecute (Oct. 23 Order), Davis failed to respond. These repeated failures warrant sanctions under both Rule 16(f)(1)(A) (failure to appear at a scheduling or other pretrial conference) and 16(f)(1)(C) (failure to obey a scheduling or other pretrial order). *See, e.g.*, *Johnson v. New York City,* No. 14-CV-4278, 2015 WL 12999661, at \*1 (E.D.N.Y. Jan. 12, 2015) (recommending dismissal under Rules 16(f) and 37(b)(2)(A)(v) for lateness and failure to appear at two court-ordered conferences), *report and recommendation adopted,* 2015 WL 12990999 (Feb. 2, 2015), *aff'd,* 646 F. App'x 106 (2d Cir. 2016).

**\*4** The sanctions for such misconduct—whether it be a failure to appear or abide by a court order—include dismissal. *See* Fed. R. Civ. P. 16(f) (adopting the sanctions authorized by Rule 37(b)(2)(A)(v)); *see* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery."); *Fonar Corp. v. Magnetic Plus, Inc.,* 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (collecting cases) ("[T]he standards to be applied in imposing sanctions under Rule 16 are identical to the familiar standards contained in Rule 37."). Such a dismissal may be with prejudice. *See Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants ... have an obligation to comply with court orders, and failure to comply may result in sanctions, including *dismissal with prejudice.*") (citations and quotations omitted) (emphasis added). [3] "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Id.* (quotations omitted).

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 17 of 62

Davis v. City of New York, Not Reported in Fed. Supp. (2019)

The Court considers several factors in determining whether to impose a sanction of dismissal with prejudice: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance." *Id.* (quotations omitted); *accord S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). "[T]hese factors are not exclusive, and they need not each be resolved against" the non-compliant party for dismissal to be appropriate, *S. New England Tel. Co.*, 624 F.3d at 144. Ultimately, the Court must conclude under all of the circumstances whether dismissal would be "just." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). "[T]he district court 'is free to consider the full record in the case' " in making this determination. *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 308 F.R.D. 113, 120 (S.D.N.Y. 2015) (quoting *S. New England Tel. Co.*, 624 F.3d at 144). The balance of factors here justifies the dismissal with prejudice of Davis's claims.

### A. Willfulness

Noncompliance is willful where the party has received notice of a court's orders and repeatedly failed to comply. *See Coach Inc. v. O'Brien*, No. 10-CV-6071, 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011) ("The Court deems the noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply."), *report and recommendation adopted and modified on other grounds*, 2012 WL 1255276 (Apr. 13, 2012). "[T]his factor as formulated by the Second Circuit is not just willfulness, but the willfulness of the non-compliant party *or the reason for non-compliance....* [T]he Second Circuit's inclusion of the latter phrase recognizes that dismissal may be warranted even in the absence of such open defiance." *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642, 2019 WL 360099, at *5 (E.D.N.Y. Jan. 11, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 356939 (Jan. 29, 2019).

**\*5** Davis failed to comply with six court orders and failed to appear at three conferences. (Nov. 13 Order; Dec. 10 Order; Dec. 20 Order; Jan. 11 Order; Jan. Notice; Oct. 23 Order). Davis was served with copies of the Court's orders. (Service Aff. of Nov. 13 Order; Service Aff. of Dec. 10 Order; Service Aff. of Dec. 20 Order; Service Affs. of Jan. 11 Order; Oct. 23 Entry). As such, he was aware of the obligations, and his failure to comply is willful. *See, e.g., Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3193, 2018 WL 3104456, at *8 (E.D.N.Y. May 16, 2018) ("Having received these multiple notices, Rosemarie Lopa had other options besides appearing or responding as directed. She could have written to the Court seeking an adjournment or extension of time to respond; or retained counsel, as she had previously done, to appear or respond on her behalf. Having done none of these things and having failed to appear or respond personally, the only conclusion to be drawn is that her disregard of the Court's orders was willful."), *report and recommendation adopted*, 2018 WL 3019875 (June 18, 2018) and 2018 WL 3094940 (June 22, 2018); *Coach Inc.*, 2011 WL 6122265, at *3 ("The Court deems noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply.").

### B. Efficacy of Lesser Sanctions

A sanction less than dismissal would not be effective in this case. When it is apparent a plaintiff has abandoned the action, "[t]he Court need not afford [him] unlimited opportunities to appear," and "[n]o lesser sanction than dismissal is appropriate under these circumstances." *Bey v. Gursky*, No. 17-CV-6447, 2018 WL 1611665, at *2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377 (Apr. 3, 2018).

The record suggests no reason to believe that a lesser sanction, such as a monetary fine or a sanction short of dismissal, would encourage Davis to reengage in this litigation, especially given his repeated failure to abide by prior court orders warning that his case could be dismissed should he fail to comply. At this point, given the multiple opportunities afforded to Davis to participate in the case, the Court has no reason to believe any sanction other than dismissal is appropriate. *See, e.g., Dungan v. Donahue*, No. 12-CV-5139, 2014 WL 2941240, at *4 (E.D.N.Y. June 30, 2014) (adopting report and recommendation) (dismissing case for failure to abide by court orders and noting "in light of plaintiff's ongoing unresponsiveness to the Court, no sanctions other than dismissal would be effective. The record presents no reason to believe that a monetary fine or other sanction short of dismissal would inspire in plaintiff the dedication to this litigation that he currently lacks[.] ... This case therefore presents an example of

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 18 of 62

Davis v. City of New York, Not Reported in Fed. Supp. (2019)

extreme circumstances warranting the harsh remedy of dismissal[.]”); *Gordon v. Peralta*, No. 10-CV-5148, 2012 WL 2530578, at *2 (E.D.N.Y. June 11, 2012) (dismissing case for failure to abide by court orders and noting “the Court has tried the lesser sanction of ... warning [plaintiff] of possible dismissal to no avail. Requiring defendant's counsel to appear again or imposing lesser sanctions on plaintiff would be futile at this juncture.”) (citations and quotations omitted), *report and recommendation adopted*, 2012 WL 2530106 (June 29, 2012).

### C. Duration

The duration of Davis's noncompliance warrants dismissal. “[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions.” *Local Union No. 40 of the Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Car-Win Constr.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (collecting cases) (adopting report and recommendation). “[P]eriods of six months or more weigh even more heavily toward such remedies.” *Id.* at 266 (collecting cases).

Davis has failed to comply with court orders since December 2018, beginning with his failure to appear at the December 20 pre-motion conference. (Dec. 20 Order). This order was issued more than 11 months ago. This extended period of non-compliance is sufficient to warrant dismissal. *See, e.g.*, *Agiwal*, 555 F.3d at 303 (affirming dismissal sanction where disregard of magistrate judge's orders spanned approximately six months); *Rodriguez v. Oak Room*, No. 12-CV-2921, 2012 WL 5305551, at *2 (S.D.N.Y. Oct. 23, 2012) (dismissing after period of non-compliance of “more than five months”).

### D. Notice

**\*6** Davis has received sufficient notice to justify dismissal of his claims. “[T]he Second Circuit has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility.” *Local Union No. 40*, 88 F. Supp. 3d at 266 (quotations omitted). Davis was warned three times that failure to appear or comply with court orders could result in dismissal. (*See* Dec. 20 Order (“Plaintiff must personally appear at the conference. If he fails to do so, there may be consequences to his case.... Plaintiff's claims may be dismissed with prejudice.”); Jan. 11 Order (“sanction[s] may be imposed including dismissal of his case”); Oct. 23 Order (“If plaintiff fails to respond to this order to show cause, the Court will grant the pending motion and dismiss the action with prejudice for failure to prosecute.”)). These orders were personally served on Davis. (Service Aff. of Dec. 20 Order; Service Affs. of Jan. 11 Order; Oct. 23 Entry).

This notice is sufficient to permit dismissal. [4] *See, e.g.*, *Cadet v. ADP, Inc.*, No. 11-CV-3240, 2013 WL 6058918, at *8 (E.D.N.Y. Nov. 14, 2013) (adopting report and recommendation) (“Plaintiff has been explicitly warned ... that his case would be dismissed if he failed to appear for court conferences.”); *Martin v. Metro. Museum of Art*, 158 F.R.D. 289, 292–93 (S.D.N.Y. 1994) (adopting report and recommendation) (finding it “clear,” after one warning by the court, that “plaintiff received adequate notice that his failure [to comply with a court order] would result in dismissal”).

All four factors discussed above, therefore, warrant dismissal with prejudice of Davis's claims, pursuant to Rule 37(b)(2)(A)(v), for his violations of Rules 16(f)(1)(A) and 16(f)(1)(C).

### II. Dismissal with Prejudice for Failure to Prosecute

There is a separate basis to dismiss Davis's claims—his failure to prosecute his case. The City has moved to dismiss Davis's claims pursuant to Rule 41(b), (Apr. Mot. at 3; Aug. Mot. at 2), which provides that “a defendant may move to dismiss the action or any claim against it” “[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order,” Fed. R. Civ. P. 41(b). “A dismissal for failure to prosecute is committed to the court's sound discretion,” and such a dismissal may be with prejudice. *Jin Fang Luo*, 2019 WL 360099, at *2; *see, e.g.*, *Kaur v. Royal Arcadia Palace, Inc.*, No. 05-CV-4725, 2007 WL 4276837, at *3 (E.D.N.Y. Nov. 30, 2007) (adopting report and recommendation) (dismissing plaintiff's claims with prejudice under Rule 41(b)).

Courts in this Circuit consider five factors when deciding whether to grant a defendant's motion to dismiss under Rule 41(b) for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jin Fang Luo*, 2019 WL 360099, at *2 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *see also Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3324, 2018 WL 3019875, at *1 (E.D.N.Y. June 18, 2018) (adopting report and recommendation). These factors overlap with many of the factors under a Rule 37(b) dismissal. "Because of the substantial overlap between the factors commonly used to decide whether to dismiss an action under Rule 41(b) and under Rule 37(b)(2)(A), [there is] no need to repeat [the] discussion of redundant factors in detail." *Dungan*, 2014 WL 2941240, at *6. The Court therefore proceeds to discuss only the third and fourth factors in this analysis. *See Lopa*, 2018 WL 3019875, at *2 (dismissing claims under Rules 16(f) and 37 and addressing the third and fourth factors of the Rule 41 analysis for the sake of completeness).

**\*7** As to the third factor—prejudice to defendants—courts have found dismissal appropriate "when a party has become completely inaccessible, as inaccessibility strongly suggests that [plaintiff] is not diligently pursuing [his] claim." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (quotations omitted). "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Id.*; *see, e.g.*, *Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[T]he very fact that Dong has been inaccessible for the last two months—without notifying the Court, the Government, or the Pro Se Office of a change of address—strongly suggests that he is not diligently pursuing this claim. Dong's totally unexplained disappearance is manifestly unreasonable and therefore presumptively prejudices the Government.") (citations omitted).

Davis's repeated failure to attend hearings and failure to comply with court orders since December 2018 has presumptively prejudiced the City. The City has been under the spectre of liability for over two years, a period in which the entire discovery period has elapsed without Plaintiff serving a single discovery demand. Evidence is likely stale, and the City has had no ability—because of Davis's prolonged absence—of deposing Davis or otherwise challenging his allegations. At this point, the prejudice from the pending, but still nascent, litigation is substantial and justifies dismissal. *See, e.g.*, *Lopa*, 2018 WL 3019875, at *2 ("Defendants' inability to collect information that would enable them to determine the viability of potential defenses and/or arrive at a view as to their potential exposure would certainly prejudice them."); *Schwed v. Gen. Elec. Co.*, 193 F.R.D. 70, 72 (N.D.N.Y. 2000) ("Because plaintiffs' chronic inaction has interfered with defendant's attempt to prepare its case, and because further delay will exacerbate these hardships, the Court concludes that defendant will indeed be prejudiced by further delay.").

As to the fourth factor—balance of interests—the Court must consider a plaintiff's due process interests against its own interest in managing the docket. *Dungan*, 2014 WL 2941240, at *6. "In deciding this factor, the Court must strike a 'balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard.' The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed." *Langdell v. Hofmann*, No. 05-CV-174, 2006 WL 3813599, at *4 (D. Vt. Dec. 27, 2006) (quoting *Drake*, 375 F.3d at 257) (citations omitted). The Court has repeatedly invested its time addressing Davis's failures to appear and has given him several opportunities to pursue his claims. The course of conduct—or the lack thereof—in prosecuting the case therefore weighs in favor of dismissal. *See, e.g.*, *Dungan*, 2014 WL 2941240, at *6 ("[B]alancing the Court's interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard militates in favor of dismissal. It is not the duty of the Court ... to contact plaintiffs and to urge or require them to prosecute this action. By abandoning any effort to prosecute his case, plaintiff has demonstrated that

he has no interest in being heard.") (citations and quotations omitted); *see also Langdell*, 2006 WL 3813599, at *5 ("Because Langdell has made no effort over the last year to prosecute his case, it is unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket.") (citations omitted).

Therefore, in addition to dismissal under Rules 16(f) and 37(b)(2)(A)(v), the City's motions should be granted, and Davis's claims should be dismissed with prejudice for failure to prosecute.

CONCLUSION

**\*8** For the reasons stated above, the Court respectfully recommends that the City's motions to dismiss be granted and Davis's claims be dismissed with prejudice for failure to abide by court orders and failure to prosecute.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.").

The City shall serve a copy of this Report and Recommendation on Davis at his last known address, and to any other electronic contact information known to it, and file proof of such service in the record within 14 days of the date of this Order.

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 7842400

---

**Footnotes**

1  Defendant's second motion to dismiss is virtually identical to its first motion to dismiss, except that it recites Davis's continued inactivity, lack of communication, and failure to respond to Defendant's first motion.

2  The record is also devoid of any evidence that Plaintiff has served any discovery demands.

3  *Pro se* litigants are afforded leeway when it comes to litigation noncompliance; however, "[t]he sanction of dismissal 'may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal.' " *Johnson*, 2015 WL 12999661, at *1 (quoting *Valentine*, 29 F.3d at 49); *see Agiwal*, 555 F.3d at 302 ("*Pro se* litigants, though generally entitled to special solicitude before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders.") (citations and quotations omitted). Despite his status as a *pro se* litigant, Davis's claims should still be dismissed because he has not given this Court any indication that he intends to cure his failures to obey court orders.

4  None of the orders sent to Davis were returned undeliverable. Even if Davis may have moved, without providing any forwarding address or means of contact, he would not be entitled to continue with his case. "[I]t is plaintiff's obligation to notify the Court of any change in address." *Gordon*, 2012 WL 2530578, at *2; *see, e.g.*, *Islam v. Athlete's Needs, Inc.*, No. 18-CV-1562, 2018 WL 5781228, at *1 (E.D.N.Y. Sept. 5, 2018) (finding the warning adequate to justify dismissal

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 21 of 62

**Davis v. City of New York, Not Reported in Fed. Supp. (2019)**

when order was sent to plaintiff and never returned as undelivered), *report and recommendation adopted*, 2018 WL 5777020 (Nov. 1, 2018).

---

**End of Document**                                          © 2026 Thomson Reuters. No claim to original U.S. Government Works.

515 Fed.Appx. 40
This case was not selected for publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals, Second Circuit.

Odessa E. HUNTER, Plaintiff–Appellant,
v.
NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Defendant–Appellee.

No. 11–4198–cv
|
March 25, 2013.

**Synopsis**
**Background:** Corrections officer, proceeding pro se, brought action against New York State Department of Correctional Services (DOCS), alleging unlawful employment discrimination under Title VII. The United States District Court for the Western District of New York, Kenneth Schroeder Jr., United States Magistrate Judge, 2011 WL 4368570, granted DOCS's motion to dismiss for failure to prosecute. Officer appealed.

**Holdings:** The Court of Appeals held that:

[1] factors weighed in favor of dismissal for failure to prosecute, and

[2] court appropriately dismissed for failure to prosecute rather than proceeding to summary judgment.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion to Dismiss.

West Headnotes (3)

[1]    **Federal Civil Procedure**  ⚍ Length of delay in general

Delay in corrections officer's prosecution of her Title VII employment discrimination claim against New York State Department of Correctional Services (DOCS) was of significant duration, thus weighing in favor of dismissal for failure to prosecute, where 14 months passed between officer's attendance at preliminary pretrial conference that resulted in case management order setting forth discovery deadlines and court's order of dismissal, during which time officer ignored case management order and did nothing to prosecute her suit except submit to her own deposition. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.; Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

7 Cases that cite this headnote

More cases on this issue

**[2]    Federal Civil Procedure** 🔑 Notice

Corrections officer received at least two notices that her Title VII employment discrimination claim against New York State Department of Corrections (DOCS) could be dismissed for failure to prosecute, thus weighing in favor of such dismissal, where DOCS's summary judgment motion included detailed, three–page notice that complaint was subject to dismissal if she did not respond, and DOCS also filed motion to dismiss for failure to prosecute, which gave notice of its intent to seek dismissal on those grounds. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.; Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

53 Cases that cite this headnote
More cases on this issue

**[3]    Federal Civil Procedure** 🔑 Length of delay in general

Trial court appropriately dismissed corrections officer's Title VII employment discrimination claim against New York State Department of Corrections (DOCS) for failure to prosecute, rather than proceeding to summary judgment; while it was true that resolving cases on summary judgment was generally preferable to dismissing for failure to prosecute, officer's inactivity, for over seven months, in response to DOCS's motion for summary judgment was nearly coextensive with her failure to respond, in any manner, to DOCS's motion to dismiss. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.; Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

19 Cases that cite this headnote
More cases on this issue

**\*41**  Appeal from judgment of the United States District Court for the Western District of New York (Kenneth Schroeder Jr., Magistrate Judge). [1]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 20, 2011 judgment of the District Court granting summary judgment for defendant-appellee is **AFFIRMED.**

**Attorneys and Law Firms**

Robin Nunn, New York, NY, for Plaintiff–Appellant.

Kathleen M. Treasure, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Denise A. Hartman, Assistant Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY, for Defendant–Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and DEBRA A. LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

Plaintiff-appellant Odessa Hunter ("plaintiff" or "Hunter") appeals from an order dismissing her complaint alleging unlawful employment discrimination for failure to prosecute, after she failed to **\*42**  respond to multiple discovery requests and correspondence from opposing counsel; failed to respond to a motion for summary judgment; and failed to respond to a motion to dismiss her complaint for failure to prosecute. Hunter proceeded *pro se* before the District Court. On appeal, however, we

appointed *pro bono* counsel. We assume the parties' familiarity with the facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review "a dismissal for failure to prosecute [pursuant to Rule 41(b) of the Federal Rules of Civil Procedure] for abuse of discretion."[2] *See Lewis v. Rawson,* 564 F.3d 569, 575 (2d Cir.2009). Although review for abuse of discretion "suggests great deference," *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996), we have recognized that dismissals under Rule 41(b) are "harsh remedies that are appropriate only in extreme situations," *Wynder v. McMahon,* 360 F.3d 73, 79 n. 10 (2d Cir.2004) (alterations and internal quotation marks omitted), and that district courts therefore "should be especially hesitant to dismiss for procedural deficiencies where ... the failure is by a pro se litigant." *Lucas,* 84 F.3d at 535.

In reviewing a Rule 41(b) dismissal, we consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) [the] plaintiff was given notice that further delay would result in dismissal; (3) [the] defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis,* 564 F.3d at 576 (quotation marks omitted). "[N]one of the five factors is separately dispositive," *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 210 (2d Cir.2001), and while a district court is not required to expressly discuss these factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning," *Lucas,* 84 F.3d at 535. Here, the District Court discussed three of these five factors. We address each of the factors in turn.

 **[1]**   (1) Delay of significant duration. The District Court noted, in its order of September 16, 2011, that "with the exception of submitting to a deposition in June 2010, [over 14 months earlier]," plaintiff had not taken any action to prosecute her case since attending a May 10, 2010 Preliminary Pretrial Conference following which the District Court entered a Case Management Order setting forth the discovery deadlines plaintiff subsequently ignored.[3] The District Court did not err in finding this delay to be one of significant duration. *See, e.g., United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 251 (2d Cir.2004) (17–month delay was **\*43** inexcusably long); *cf. LeSane,* 239 F.3d at 211 (describing cases "involv[ing] delays of many months" as among the "more egregious" examples of a failure to prosecute).

 **[2]**   (2) Notice that further delay could result in dismissal. The record reveals that Hunter received at least two notices that her action could be dismissed for a failure to prosecute: i) defendant-appellee's ("defendant") January 14, 2011 motion for summary judgment included a detailed, three-page notice, pursuant to our decision in *Irby v. New York City Transit Authority,* 262 F.3d 412, 413 (2d Cir.2001) (per curiam), that plaintiff's complaint could be subject to dismissal, and ii) defendant's February 24, 2011 motion to dismiss for failure to prosecute, which gave notice of intent to "dismiss [ ] this action with prejudice for failure to prosecute." Plaintiff cites our decision in *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206 (2d Cir.2001), to argue that the notice provided here was "brief and technical," *id.* at 210, and therefore insufficient to alert Hunter that her "case would be dismissed if there was further delay," *Drake,* 375 F.3d at 255 (emphasis omitted). We disagree. Plaintiff received not only the more detailed *Irby* notice (which included a message that the court's *Pro Se* Office could assist her) with defendant's motion for summary judgment, but was also sent the more succinct notice of a Rule 41(b) motion to dismiss just five weeks later. On these facts, we find that even a layperson would have been put on notice of the possibility of dismissal.

(3) Likely prejudice to the defendant in the event of further delay. The District Court did not specifically address the likely prejudice to defendant. While such prejudice may often be presumed, *see Drake,* 375 F.3d at 256, we decline to do so in this

instance, as the record suggests that this litigation was also delayed at times by the defendant. Therefore, this factor did not support dismissal of plaintiff's complaint.

(4) Balancing congestion against the need for plaintiff's "day in court." The District Court did not explicitly address this factor in its order of September 16, 2011. We note, however, that the District Court afforded plaintiff seven months to respond to defendant's motion to dismiss for failure to prosecute before granting the motion, demonstrating that "the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court." *Ruzsa v. Rubenstein & Sendy Attys at Law,* 520 F.3d 176, 178 (2d Cir.2008) (per curiam) (finding the fourth prong satisfied where the district court delayed dismissal for twenty days).

 **[3]**    (5) Lesser sanctions. The District Court stated that it could conceive of "no lesser sanction than dismissal" to effectively address plaintiff's failure to prosecute. On appeal, plaintiff argues that a more appropriate sanction for failing to respond to a motion for summary judgment would have been to treat all of defendant's assertions in its motion for summary judgment as true, and proceed directly to summary judgment. Appellant's Br. 23. While it is true that "resolutions on summary judgment ... are generally to be preferred to dismissals under Rule 41(b)," *LeSane,* 239 F.3d at 211, we note that in this case plaintiff's inactivity, for over seven months, in response to defendant's motion for summary judgment was nearly coextensive with her failure to respond, in any manner, to defendant's Rule 41(b) motion to dismiss. Accordingly, we find no error in the District Court's decision to dismiss plaintiff's action for failure to prosecute rather than proceed to summary judgment.

Upon reviewing these five factors, and according Hunter the special consideration  **\*44**  given to *pro se* litigants, we conclude that the District Court did not err in dismissing Hunter's complaint. Hunter had multiple opportunities—and ample time—to pursue her claims before the District Court and elected not to do so.

## CONCLUSION

We have considered all of plaintiff's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the September 20, 2011 judgment of the District Court.

**All Citations**

515 Fed.Appx. 40

## Footnotes

1     On March 3, 2010, this case was assigned to Magistrate Judge Schroeder for all purposes with the consent of the parties. *See* 28 U.S.C. § 636(c).

2     Rule 41(b) permits a district court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with ... a court order." Fed.R.Civ.P. 41(b).

3     On appeal, Hunter argues that since defendant-appellee ("defendant") filed its motion to dismiss less than a week after the deadline for her to respond to a pending motion for summary judgment, her delay was actually only less than one week. Appellant's Br. 18. The District Court, however, did not grant the Rule 41(b) motion, which was filed in February 2011, until September 2011 and clearly accounted for plaintiff's inactivity in the approximately seven months after the defendant had filed its Rule 41(b) motion—as well as the approximately seven months of inactivity by plaintiff that

occurred *prior* to defendant's motions for summary judgment and dismissal under Rule 41(b)—in concluding that there had been a delay of significant duration.

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 27 of 62

**Lau v. NYSARC Trust Service, Inc., Not Reported in Fed. Supp. (2024)**

2024 WL 1723587
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Gilbert LAU, Plaintiff,

v.

NYSARC TRUST SERVICE, INC. et al., Defendants.

1:20-cv-801 (BKS/CFH)

|

Signed April 18, 2024

**Attorneys and Law Firms**

Plaintiff pro se: Gilbert Lau, New York, New York 10028.

## MEMORANDUM-DECISION AND ORDER

Brenda K. Sannes, Chief United States District Judge:

### I. INTRODUCTION

**\*1** Plaintiff pro se Gilbert Lau brought this action asserting claims against Defendants NYSARC Trust Service, Inc. ("NYSARC"), Warren H. Heillbronner, Dorothy Zyskowski, Alison Wilkinson, Candace Johnstone, and Jamie Harla arising from, among others, Title III of the Americans with Disabilities Act and New York State Human Rights Law. (Dkt. No. 26.) Defendants NYSARC, Heillbronner, Johnstone, and Wilkinson moved to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure, (Dkt. No. 99), and the Court granted the motion and dismissed those Defendants, *see Lau v. NYSARC Tr. Serv., Inc.,* No. 20-cv-801, 2024 WL 308519, at \*7, 2024 U.S. Dist. LEXIS 13932 (N.D.N.Y. Jan. 26, 2024). Presently under consideration is dismissal of Plaintiff's action under Rule 41(b) for failure to prosecute, failure to comply with orders of the Court, and failure to notify the Court of a change of address.

### II. BACKGROUND

The Court assumes familiarity with the procedural background of the case through the dismissal of Defendants NYSARC, Heillbronner, Johnstone, and Wilkinson as recounted in the Court's January 6, 2024 memorandum-decision and order, *see Lau,* 2024 WL 308519, at \*1–3, 2024 U.S. Dist. LEXIS 13932, and Magistrate Judge Hummel's Report-Recommendation, (Dkt. No. 29, at 1–3).

On January 6, 2024, the Court granted Defendants NYSARC, Heillbronner, Johnstone, and Wilkinson's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) and dismissed those Defendants. *See Lau,* 2024 WL 308519, at \*7, 2024 U.S. Dist. LEXIS 13932. The Court further ordered that Plaintiff file "proper addresses for service of Defendants Zyskowski and Harla, or, if he is unable to do so, an affidavit describing in detail the steps Plaintiff has taken to ascertain the proper addresses of these Defendants" and indicated that "failure to comply ... will result in dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with an order of the Court or dismissal under Rule 4(m) for failure to serve the remaining two Defendants." (*Id.*)

On February 1, 2024, Plaintiff filed a letter motion, which the Court construed as a second request for an extension of time to respond to Defendants NYSARC, Heillbronner, Johnstone, and Wilkinson's motion to dismiss. (Dkt. Nos. 105, 106.) The Court denied Plaintiff's request, noting that Plaintiff had still not complied with the Court's prior order to file an affidavit demonstrating

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 28 of 62

Lau v. NYSARC Trust Service, Inc., Not Reported in Fed. Supp. (2024)

good cause for his untimely request. (Dkt. No. 106.) The Court again ordered that Plaintiff file proper addresses for service of Defendants Zyskowski and Harla or an affidavit describing in detail the steps Plaintiff has taken to ascertain the proper addresses of those Defendants, and the Court reiterated that "failure to comply ... will result in dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with an order of the Court or dismissal under Rule 4(m) for failure to serve the remaining two Defendants." (*Id.*)

**\*2** On February 23, 2024, Plaintiff filed a letter motion requesting an extension of time to comply with the Court's February 6, 2024 order and for permission to file a motion for reconsideration. (Dkt. No. 107.) Plaintiff also filed medical records indicating that he had been hospitalized in Louisiana for inpatient psychiatric treatment from February 10, 2024, to February 19, 2024. (Dkt. No. 108.) On March 29, 2024, the Court denied Plaintiff's request for permission to file a motion for reconsideration as untimely and lacking a basis for reconsideration and because Plaintiff had still not complied with the Court's order that Plaintiff file an affidavit showing good cause for his prior untimely request for an extension of time to respond to the motion to dismiss. (Dkt. No. 110.) However, in light of Plaintiff's representation that he had been hospitalized during the period in which the Court had ordered Plaintiff to file proper addresses for service of Defendants Zyskowski and Harla or an affidavit demonstrating the steps Plaintiff has taken to ascertain the proper addresses of those Defendants, the Court granted a final extension to comply with that order. (*Id.*) The Court ordered that Plaintiff file, by April 12, 2024, proper addresses for service of Defendants Zyskowski and Harla, and the Court repeated its warning that "failure to comply ... will result in dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with an order of the Court or dismissal under Rule 4(m) for failure to serve the remaining two Defendants." (*Id.*) The Court also noted that Plaintiff had represented that he had been hospitalized in Louisiana, and the medical records reflected an address for him in Louisiana, (Dkt. No. 108, at 1), but Plaintiff's address on the docket in this action is in New York, and Plaintiff's address in a different case that he has filed with the Court, Case No. 22-cv-436, is an address in Shreveport, Louisiana, where mail has been returned as not deliverable. (Dkt. No. 110.) The Court therefore ordered Plaintiff to notify the Court of his current address by April 12, 2024, and warned Plaintiff that "[f]ailure to do so will result in dismissal of Plaintiff's action." (*Id.*)

Plaintiff has not filed anything on the docket in response to the Court's March 29, 2024 order.

## III. DISCUSSION

### A. Standard of Review
Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge may order it dismissed."). [1] While involuntary dismissal is " 'a harsh remedy [which] is appropriate only in extreme situations,' " a court's "authority to invoke dismissal for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.' " *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001) (summary order) (first quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); and then quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). "[The Second Circuit] ha[s] upheld '[t]he severe sanction of dismissal with prejudice ... even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal.' " *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) (per curiam) (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam)); *see also Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam).

When determining whether dismissal under Rule 41(b) is appropriate, a court must consider the following factors:

> whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 29 of 62

Lau v. NYSARC Trust Service, Inc., Not Reported in Fed. Supp. (2024)

further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). None of these factors is dispositive. *See Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013).

**B. Analysis**

Considering the *Drake* factors, the Court concludes that dismissal under Rule 41(b) is warranted under the circumstances of this case. With respect to delay, as the Court noted in its January 26, 2024 decision, this case has been pending before the Court for over three and a half years. The United States Marshals Service returned summonses unexecuted as to all Defendants on January 20, 2022. (Dkt. No. 35.) [2] On January 21, 2022, the Court noted that the "US Marshals Service attempted service on the named Defendants over thirty days ago[,] [and] [s]ervice has been unsuccessful." (Dkt. No. 36.) Summonses were reissued. (Dkt. No. 37.) On February 24, 2022, summonses as to Defendants Harla and Zyskowski, among others, were again returned unexecuted, (Dkt. Nos. 47, 49). The notices of unexecuted service as to Defendants Zyskowski and Harla indicated that these Defendants no longer worked at NYSARC when service was attempted. (Dkt. Nos. 47, 49.) The attempted service on February 11, 2022, (Dkt. Nos. 47, 49), remains the last attempt to serve Defendants Zyskowski and Harla.

**\*3** The Court ordered that Plaintiff file addresses for Defendants Zyskowski and Harla or an affidavit demonstrating the steps Plaintiff has taken to ascertain the proper addresses of Defendants Zyskowski and Harla on January 26, 2024, *see Lau*, 2024 WL 308519, at *7, 2024 U.S. Dist. LEXIS 13932, nearly four months ago. The Court repeated its order that Plaintiff file addresses for Defendants Zyskowski and Harla or an affidavit demonstrating the steps Plaintiff has taken to ascertain the proper addresses of Defendants Zyskowski and Harla on February 6, 2024, (Dkt. No. 106), and March 29, 2024, granting Plaintiff an extension to do so on the latter occasion, (Dkt. No. 110). To date, Defendants Zyskowski and Harla have not been served and have not appeared in this action, and Plaintiff has not filed anything responsive to the Court's orders as to Defendants Zyskowski and Harla. Nor has Plaintiff complied with the Court's order directing him to notify the Court of his current address. [3]

Plaintiff's failure to comply with orders of the Court has caused a significant delay for which Plaintiff is responsible. *See Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998) (noting that there are two aspects to the first *Drake* factor: "(1) that the failures were those of the plaintiff, and (2) that these failures were of significant duration"); *see also Melendez v. City of New York*, No. 12-cv-9241, 2014 WL 6865697, at *2, 2014 U.S. Dist. LEXIS 168859 (S.D.N.Y. Dec. 4, 2014) (Nathan, J.) (finding that the first *Drake* factor favors dismissal under Rule 41(b) where the plaintiff did not comply with court orders directing the plaintiff to serve defendants and to provide the court with an updated address). Therefore, this factor weighs in favor of dismissal.

Second, Plaintiff was given multiple warnings that failure to comply with these court orders would result in dismissal. *See Lau*, 2024 WL 308519, at *7, 2024 U.S. Dist. LEXIS 13932; (Dkt. Nos. 106, 110). Therefore, this factor weighs in favor of dismissal.

Third, the remaining Defendants, Defendants Zyskowski and Harla, have not yet been served, which limits potential prejudice to them. *See Bekka v. Nash*, No. 19-cv-6041, 2020 WL 2225379, at *2, 2020 U.S. Dist. LEXIS 81790 (S.D.N.Y. Apr. 13, 2020), *report and recommendation adopted*, 2020 WL 2216268, 2020 U.S. Dist. LEXIS 81155 (S.D.N.Y. May 7, 2020). Even so, "[p]rejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell*, 682 F.2d at 43). This case has been pending for over three and a half years, and significant time has passed since the incident underlying Plaintiff's claims. " '[F]ading memories with the passage of time' may result in 'unfair prejudice' to Defendants if the action is permitted to continue." *Kilgore v. City of Syracuse Police Dep't*, No. 21-cv-82, 2021 WL 4690863, at *3, 2021 U.S. Dist. LEXIS 194997 (N.D.N.Y. Aug. 3, 2021) (citation omitted), *report and recommendation adopted*, 2021 WL 4624487, 2021 U.S. Dist. LEXIS 193688 (N.D.N.Y. Oct. 7, 2021). And while Plaintiff has represented that he was hospitalized from February 10, 2024, to February 19, 2024, Plaintiff has provided no

Lau v. NYSARC Trust Service, Inc., Not Reported in Fed. Supp. (2024)

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 30 of 62

justification for the Court to excuse his failure to comply with court orders before and after that period. Therefore, this factor weighs slightly in favor of dismissal.

Fourth, as discussed in the January 26, 2024 decision, the Court is mindful of Plaintiff's right to be heard, but because he has continued to disobey orders from the Court by failing to file addresses for Defendants Zyskowski and Harla or an affidavit demonstrating the steps Plaintiff has taken to ascertain the proper addresses of Defendants Zyskowski and Harla and by failing to notify the Court of his current address, the Court finds that the need to alleviate calendar congestion outweighs Plaintiff's right to a day in court. While "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court," *Lucas*, 84 F.3d at 535–36, the Court must also consider "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources," *Rubin v. Abbott Lab'ies*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016) (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980)). Given the Court's full calendar and the opportunities—of which he did not avail himself—that Plaintiff was afforded to allow service of the remaining Defendants and apprise the Court of his current address, the Court finds that this factor weighs slightly in favor of dismissal. *See Melendez,* 2014 WL 6865697, at *3, 2014 U.S. Dist. LEXIS 168859 (quoting *Sanders v. Does*, No. 05-cv-7005, 2008 WL 2117261, at *4, 2008 U.S. Dist. LEXIS 40515, at *13–14 (S.D.N.Y. May 15, 2008)) (Sullivan, J.) (finding the fourth *Drake* factor did not strongly weigh in favor of dismissal because the failure to prosecute was "silent and unobtrusive" rather than "vexatious and burdensome").

 **\*4**  Finally, the Court has considered the efficacy of lesser sanctions and concludes that no sanction lesser than dismissal is appropriate in these circumstances. In particular, monetary sanctions would be ineffective as Plaintiff, who is proceeding in forma pauperis, would likely be unable to pay them, and they would therefore have limited deterrent purpose. Moreover, Plaintiff has failed to provide the Court with a current address at which to reach him, and as the Court noted, Plaintiff's address in a different case that he has filed with the Court is an address in Shreveport, Louisiana, where mail has been returned as not deliverable. *See Melendez*, 2014 WL 6865697, at *3, 2014 U.S. Dist. LEXIS 168859. And the Court's repeated reminders that Plaintiff's action will be dismissed have not caused him to proceed. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008); *Melendez*, 2014 WL 6865697, at *3, 2014 U.S. Dist. LEXIS 168859. Therefore, this factor weighs in favor of dismissal.

In sum, having considered the five *Drake* factors, the Court concludes that dismissal of Plaintiff's remaining claims against Defendants Zyskowski and Harla with prejudice pursuant to Federal Rule of Civil Procedure 41(b) is warranted.

**IV. CONCLUSION**
For these reasons, it is hereby

**ORDERED** that the third amended complaint, (Dkt. No. 26), as to Defendants Zyskowski and Harla is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2024 WL 1723587

**Footnotes**

1    It is well settled that Rule 41(b) refers not only to failure to comply with the Federal Rules of Civil Procedure but also the local rules of practice. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

2    Because Plaintiff is proceeding in forma pauperis, (Dkt. No. 11, at 1, 18), service was attempted by the United States Marshals Service pursuant to 28 U.S.C. § 1915(d).

3    The Court notes that Plaintiff's February 2024 medical records from his hospitalization in Louisiana reflect an address for him in Louisiana. (Dkt. No. 108.) And in another case Plaintiff filed in this district, he provided the Court with an address in Shreveport, Louisiana, where mail has been returned as not deliverable. (*See Lau v. Fauci*, Case No. 22-cv-436, Dkt. Nos. 53, 56.)

---

**End of Document**                                                 © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 32 of 62

McMillan v. Bowers, Not Reported in Fed. Supp. (2022)

2022 WL 19405935
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Timothy MCMILLAN, Plaintiff,

v.

BOWERS, et al., Defendants.

9:21-CV-0889 (LEK/CFH)
|
Signed November 28, 2022

**Attorneys and Law Firms**

Timothy McMillan, Bellevue Shelter, 400 E. 30 th Street, New York, New York 10016, Plaintiff pro se.

RACHAEL S. OUIMET, ESQ., Assistant Attorney General, Attorney General for the State of New York, The Capitol, Albany, New York 12224, Attorney for Defendants Bowers and Clapper.

**REPORT-RECOMMENDATION AND ORDER**

Christian F. Hummel, UNITED STATES MAGISTRATE JUDGE

 **\*1**  Plaintiff pro se Timothy McMillan ("plaintiff"), a former inmate who was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants Nurse Bowers, Nurse Clapper, [1] and Registered Nurse Clielliny – who, at all relevant times, were employed at Marcy Correctional Facility ("Marcy") – violated his constitutional rights under the Eighth Amendment. See Dkt. No. 1 ("Compl."). Presently pending before the Court is defendants Bowers and Clapper's ("defendants") motion to dismiss pursuant to Rules 41(b) and 16(f)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). See Dkt. No. 33. For the following reasons, it is recommended that defendants' motion be granted.

**I. Background**

Plaintiff commenced this action on August 9, 2021, while incarcerated at Marcy Correctional Facility. See Compl. On October 19, 2021, the Court granted plaintiff's in forma pauperis ("IFP") application and dismissed without prejudice all but plaintiff's Eighth Amendment deliberate indifference claims against defendants Bowers, Clapper, and Clielliny. See Dkt. No. 7. The Court also notified plaintiff of his duty "to promptly notify the Clerk's Office and all parties or their counsel of any change in his address," and advised him that his "failure to do so will result in the dismissal of this action[.]" Id. On December 27, 2021, defendants Bowers and Clapper filed their answer. See Dkt. No. 16.

Plaintiff's last interaction with the Court was on January 10, 2022, when the Court received plaintiff's "response" to defendants' answer. [2] Dkt. Nos. 19, 20. On February 3, 2022, the Court ordered that plaintiff file, within 30 days, "an affidavit with the Court showing cause why the claims asserted against defendant Clielliny should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve her with process[.]" Dkt. No. 25. The Court mailed this Decision & Order to plaintiff at Marcy, which was returned to the Court as undeliverable, labeled "Return to Sender – Released." Dkt. No. 26.

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 33 of 62

McMillan v. Bowers, Not Reported in Fed. Supp. (2022)

On April 11, 2022, the Court set a telephone status conference for April 27, 2022, and advised plaintiff that "fail[ure] to participate in Court ordered conferences or abiding by Court ordered deadlines may result in the imposition of sanctions to include dismissal of this action." Dkt. No. 29. The Court sent notice of the April 27 telephone status conference by regular mail to plaintiff's last known address at Marcy and by e-mail to Marcy. See Dkt. No. 30. Marcy responded to the e-mail service advising the Court that plaintiff is no longer in NYS DOCCS custody. See Text Min. Entry dated Apr. 11, 2022. The Court's April 11, 2022, Text Order and Order directing plaintiff's participation in the conference were returned as undeliverable, labeled "Return to Sender – Released." Dkt. No. 31.

**\*2** On April 27, 2022, plaintiff failed to appear for the telephone status conference. See Text Min. Entry dated Apr. 29, 2022. On April 29, 2022, the Court granted defendants' request to file a motion to dismiss. See Dkt. No. 32. The Court sent notice of this Text Order by regular mail to plaintiff at Marcy and at the Bellevue Shelter ("Bellevue"), which Marcy provided as plaintiff's releasing address. See Dkt. No. 32; Ouimet Aff. ¶ 8. Both mailings were returned to the Court as undeliverable. See Dkt. Nos. 34-35.

On May 5, 2022, defendants Bowers and Clapper filed a motion to dismiss for lack of prosecution. See Dkt. No. 33. To date, plaintiff has not responded to defendants' motion to dismiss, nor has he engaged in any communication with the Court since his "response" to defendants' answer. See Dkt. No. 19.

## II. Discussion [3]

Defendants Bowers and Clapper request an order from the Court "dismissing the action, with prejudice, pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 16(f)(1) on the ground that plaintiff has failed to prosecute this action and comply with the Court's Orders." Dkt. No. 33-1 at 1.

### a. Fed. R. Civ. P. 41(b)

First, defendants Bowers and Clapper move to dismiss the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). See Dkt. No. 33-1. Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order...." FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1963); see also N.D.N.Y. L.R. 41.2 (requiring dismissal when "it appears that the plaintiff has failed to prosecute an action ..."). As Rule 41(b) is a "harsh remedy," it is "appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)). Further, "district courts ... 'should be especially hesitant to dismiss for procedural deficiencies where ... the failure is by a pro se litigant.' " Davis v. Town of Hempstead, 597 F. App'x. 31, 32 (2d Cir. 2015) (summary order) (quoting Lucas, 84 F.3d at 535). A determination whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

(1) the duration of the plaintiff's failure to comply with the court order,

(2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,

(3) whether the defendants are likely to be prejudiced by further delay in the proceedings,

(4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and

(5) whether the judge has adequately considered a sanction less drastic than dismissal.

Case 9:24-cv-00017-AJB-MJK   Document 75   Filed 03/16/26   Page 34 of 62

McMillan v. Bowers, Not Reported in Fed. Supp. (2022)

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994) (additional citation omitted)). "No one factor is dispositive." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citing Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993)). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

### i. Duration

In considering the duration of the delay, the Court reviews two inquiries: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether those failures were of significant duration." Drake, 375 F.3d at 255 (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). The primary focus of this inquiry is "whether or not the delay was caused by plaintiff's side as a whole." Id.

**\*3** Here, the delays were due to (1) plaintiff's failure to comply with Court orders to show cause regarding why the claims asserted against defendant Clielliny should not be dismissed pursuant to Fed. R. Civ. P. 4(m), and (2) plaintiff's failure to appear at the April 27, 2022, telephone status conference as directed by the Court. See Dkt. Nos. 25, 30; Text Min. Entry dated Apr. 29, 2022. Additionally, plaintiff failed to respond to defendants' motion to dismiss, despite being reminded of that duty and the consequences of failing to respond. As such, plaintiff caused the delay in this case. See Drake, 375 F.3d at 255.

As to whether plaintiff's failures were of significant duration, "there is no 'magic number' " for the length of the delay. Copeland v. Rosen, 194 F.R.D. 127, 131-32 (S.D.N.Y. 2000) ("the Second Circuit has affirmed the dismissal of cases for delays of less than two months") (citing Lucas, 84 F.3d at 535) (additional citations omitted); Drake, 375 F.3d at 255. The inquiry instead focuses on whether the plaintiff delayed the case "without excuse" by, for example, "disregarding the orders of the Court" and missing deadlines. Copeland, 194 F.R.D. at 132, 134. Plaintiff has not participated in this case since filing his "response" to defendants' answer. See Dkt. No. 19.

Significantly, plaintiff failed to "promptly notify" the Court and all parties with any change in his address, despite a warning that his "failure to do so may result in the dismissal of this action[.]" Dkt. No. 7 at 12. Due to this failure, all communications with plaintiff since February 3, 2022, have been returned as undeliverable. See Dkt. No. 25, Dkt. No. 26, Dkt. No. 31, Dkt. No. 34, Dkt. No. 35.

Local Rule 41.2(a) provides, "the plaintiff's failure to take action for four ... months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). Plaintiff's failure to prosecute has stalled this case since January 10, 2022. See Dkt. No. 19. This is a significant delay, given that plaintiff provided no excuse for his failure to comply with Court orders and response deadlines. As such, this factor weighs in favor of dismissal.

### ii. Notice

The Court next assesses whether the plaintiff received express notice from the Court that further delays would result in dismissal. See Lucas, 84 F.3d at 535 (citing Jackson, 22 F.3d at 74) (additional citation omitted). The Court's orders of October 19, 2021, April 11, 2022, and April 29, 2022, all state that plaintiff's failure to notify the Court and all parties of any change in address, abide by Court orders and deadlines, and participate in Court-ordered conferences could lead to the imposition of sanctions, including the dismissal of his case. See Dkt. No. 7 at 12; Dkt. No. 29; Dkt. No. 32. All orders were served on plaintiff at the address he had provided to the Court and his releasing address. See Dkt. No. 7 at 12; Dkt. No. 29; Dkt. No. 32. Thus, as plaintiff received express notice from the Court that failure to prosecute his case or update the Court with address changes could lead to dismissal of his case, this factor weighs in favor of dismissal.

McMillan v. Bowers, Not Reported in Fed. Supp. (2022)

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 35 of 62

### iii. Prejudice to Defendants

The third factor examines whether the defendants have been prejudiced by the plaintiff's failure to prosecute. See Lucas, 84 F.3d at 535 (citing Jackson, 22 F.3d at 74) (additional citation omitted). Prejudice to the defendant can be presumed where the plaintiff's delay is unreasonable; however, "the need to show actual prejudice is proportionally greater" if the delay is "moderate or excusable." Lyell Theatre Corp., 682 F.3d at 43 (citing Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956)). Prejudice can be presumed in instances of unreasonable delay because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citing Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986)).

**\*4** Here, plaintiff failed to comply with multiple Court orders, despite warnings that his failure to comply would risk dismissal. See Dkt. No. 7 at 12, Dkt. No. 29, Dkt. No. 32. Plaintiff's actions unreasonably delayed the case such that prejudice to defendants can be presumed. See Shannon, 186 F.3d at 195. Although defendants have participated in court conferences, very little progress has been able to be made due to plaintiff's absence. Further, witnesses' and parties' recollection of these events have likely faded and will continue to fade. See Georgiadis v. First Bos. Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("[t]he passage of time always threatens difficulty as memories fade"). Since plaintiff has failed to produce any discovery, access to relevant discovery would be impacted by further delay, including further delay of the parties' abilities to locate witnesses and preserve evidence. See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at \*3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible, [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal). Further, this action has been pending since August 2021 and concerns an event that allegedly occurred in January 2020. See Compl. at 4. Thus, even if prejudice were not presumed, defendants have still been prejudiced by plaintiff's delays as the amount of time that has passed since the occurrence of the alleged incident makes it more difficult for them to access evidence. See Id.; Shannon, 186 F.3d at 195. Therefore, this factor weighs in favor of dismissal.

### iv. Balancing the Court's and Plaintiff's Interests

The fourth factor requires "balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." Lucas, 84 F.3d at 535 (citing Jackson, 22 F.3d at 74) (additional citation omitted). A court cannot weigh its interest in managing its docket too heavily; instead, "compelling evidence of an extreme effect on court congestion" is necessary for this factor to weigh in favor of dismissal. Id. at 535-36. A plaintiff's receipt of "specific notice that his case" is in danger of dismissal, and his failure to act on that notice, is sufficient protection of a plaintiff's right to be heard. Shannon, 186 F.3d at 195. Further, a court's interest in managing its docket supersedes the plaintiff's interest in being heard when the plaintiff fails to "move [the] case toward trial." Heendeniya v. St. Joseph's Hosp. Health Ctr., 830 F. App'x 354, 358 (2d Cir. 2020) (summary order) (citing Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980)). Here, the Court provided plaintiff multiple opportunities to be heard. See Dkt. No. 25, 29. Therefore, this factor weighs in favor of dismissal.

### v. Consideration of Lesser Sanctions

Finally, the Court must "adequately consider[ ] a sanction less drastic than dismissal." Lucas, 84 F.3d at 535 (citing Jackson, 22 F.3d at 74) (additional citation omitted). Such responses include an extension of time or the imposition of a fine. See Drake, 375 F.3d at 257 ("[t]he trial court briefly considered the possibility of imposing a fine instead of dismissing the case outright"); Spencer v. Doe, 139 F.3d 107, 114 (2d Cir. 1998) ("[a] less drastic and more appropriate response would have been an extension of time"). However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal ... if such a sanction is appropriate on the overall record." S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010) (citing

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 36 of 62

McMillan v. Bowers, Not Reported in Fed. Supp. (2022)

John B. Hull, Inc. v. Waterbury Petroleum Prods, Inc., 845 F.2d 1172, 1176-77 (2d Cir. 1988)). Moreover, dismissal has been found to be an "adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed." Rubin v. Abbott Lab'ys, 319 F.R.D. 118, 122 (S.D.N.Y. 2016) (citing Blake v. Payane, No. 08 Civ. 930, 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2022)) (additional citations omitted).

Plaintiff has not made any contact with the Court or defendants since the Court received plaintiff's "response" to defendants' answer. See Dkt. No. 19. As such, imposing a lesser sanction would be ineffective because plaintiff's failure to comply with the Court's orders indicates that a lesser sanction would not motivate him to participate in this action. See Rubin, 319 F.R.D. at 122 (citation omitted). Further, given that plaintiff has not provided an updated address, the Court is unable to establish contact with plaintiff. See Flynn v. Ward, No. 9:15-CV-1028 (BKS/CFH), 2019 WL 2085986, at *2 (N.D.N.Y. May 13, 2019) (noting that lesser sanctions were unlikely to be successful where the plaintiff did not update the Court with an address and the Court "currently has no way of contacting [the p]laintiff").

**\*5** Even if the Court were to impose a lesser sanction, it would have to "adequately address the prejudice defendants had suffered" to be effective. Drake, 375 F.3d at 257. A fine is not likely to be effective in addressing the prejudice defendants suffered from the delay in the case as plaintiff is unlikely to be able to pay, and a fine does not mitigate the potential difficulty defendants could face in collecting evidence on an alleged incident that occurred in 2020. See Coss v. Sullivan Cnty. Jail Adm'r, 171 F.R.D. 68, 72-73 (S.D.N.Y. 1997) (holding that "the imposition of monetary sanctions ... [is not] an adequate penalty" to cure prejudice to the defendant where the plaintiff is proceeding IFP); Jackson v. United States, No. 8:17-CV-1157 (MAD/CFH), 2020 WL 109009, at *5 (N.D.N.Y. Jan. 9, 2020) (finding sanctions less than dismissal inappropriate where the plaintiff repeatedly failed to provide updates about obtaining new counsel, failed to respond to the motion to dismiss for failure to prosecute, and failed to attend court-ordered telephone conferences) (citing Peters-Turnbull v. Bd. of Educ. of City of New York, No. 96-CV-4914, 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999)). As such, this factor also weighs in favor of dismissal.

Accordingly, it is recommended that dismissal for failure to prosecute be granted pursuant to Rule 41(b).

### b. Fed. R. Civ. P. 16(f)(1)

Defendants also move to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 16(f)(1) for his failure to participate in the April 27, 2022, telephone conference. See Dkt. No. 33-1 at 6. Fed. R. Civ. P. 16(f)(1) authorizes the Court to issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," where a party or its attorney "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 37(b)(2)(A) provides for sanctions when a party fails to comply with a court order and states, in relevant part, "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A).

As demonstrated above, all relevant considerations support the dismissal of plaintiff's action as he has not communicated with the Court or defendants since January 10, 2022, less than six months after commencing this action. See Dkt. No. 19. Moreover, plaintiff did not comply with the Court's February 3, 2022, Decision and Order. See Dkt. No. 25. Plaintiff also failed to participate in the Court's telephone conference despite receiving notice of the Court conference and being warned of the consequences of failing to participate. See Dkt. No. 32. The Court presumes that plaintiff did not receive Court communications since February 3, 2022, because plaintiff's mail was returned to the Court as undeliverable. See Dkt. No. 26. Thus, plaintiff also failed to comply with his obligation to "promptly notify the [Court] and all parties or their counsel, in writing, of any change in ... address" despite being warned that "his failure to do so may result in the dismissal of this action." Dkt. No. 7 at 12. There is no indication that plaintiff's refusal to appear for the Court's conference is anything but willful. The undersigned determines that the need to alleviate congestion on the Court's docket as well as the prejudice to defendants outweigh plaintiff's right for a further opportunity to be heard. Accordingly, in the alternative to dismissal under Rule 41(b), it is recommended that dismissal be granted pursuant to Rule 16(f)(1).

McMillan v. Bowers, Not Reported in Fed. Supp. (2022)

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 37 of 62

### c. The Unserved Defendant

Plaintiff never properly identified or served any complaint on defendant Clielliny. Under Fed. R. Civ. P. 4(m), "if a defendant is not served with 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless "the plaintiff shows good cause for the failure." FED. R. CIV. P. 4(m). The Local Rules shorten this time period for effectuating service to 60 days. N.D.N.Y. L.R. 4.1(b). The Second Circuit has said that "Rule 4 ... is to be construed liberally," and that failure to serve a defendant will lead to dismissal "*unless it appears that proper service may still be obtained.*" Romandette, 807 F.2d at 311 (citing Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972)) (alteration to original). Moreover, Rule 4(m) gives the court discretion "to extend the time for service." Jones v. Westchester Cnty., 182 F. Supp. 3d 134, 144-45 (S.D.N.Y. 2016) (citing Henderson v. United States, 517 U.S. 654, 662 (1996)) (additional citation omitted).

**\*6** On February 2, 2022, the Court issued an Order giving plaintiff "30 days to file an affidavit with the Court showing cause why the claims asserted against defendant Clielliny should not be dismissed for failure to timely effectuate service of process on that individual." Dkt. No. 25. The Court issued such order even though "the Local Rules of Practice for this Court required that the defendants be served with process on or before December 19, 2021." Id. As plaintiff did not serve defendant Clielliny within 90 days of filing his complaint and has not responded to this Order, dismissal for failure to timely serve is warranted in accordance with Rule 4(m).

### d. Dismissal Without Prejudice

The undersigned has considered all relevant factors and concludes that they weigh heavily in favor of dismissal. Notwithstanding, in light of plaintiff's pro se status, it is recommended that the dismissal of the action be without prejudice as to defendants Bowers, Clapper, and Clielliny. See Cintron v. Gettman, No. 9:15-CV-542 (BKS/TWD), 2017 WL 2303604, at *4 (N.D.N.Y. May 1, 2017) (recommending dismissal without prejudice due to the plaintiff's failure to appear for two scheduled depositions), report and recommendation adopted, No. 9:15-CV-542 (BKS/TWD), 2017 WL 2303990 (N.D.N.Y. May 25, 2017); Nelson v. VanHoesen, No. 9:20-CV-258 (GLS/CFH), 2022 WL 605741, at *4 (N.D.N.Y. Feb. 1, 2022) (recommending dismissal of the pro se plaintiff's complaint without prejudice for failure to prosecute where the plaintiff could not be reached at the address provided), report and recommendation adopted, No. 9:20-CV-258 (GLS/CFH), 2022 WL 602651 (N.D.N.Y. Mar. 1, 2022); Jones v. Hawthorne, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *2 (N.D.N.Y. June 5, 2014) (dismissing the pro se plaintiff's complaint without prejudice where the plaintiff had been released from DOCCS custody and failed to provide the Court with an updated address or communicate with the Court for ten months). "When imposed, the sanction of dismissal 'operates as an adjudication [on] the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp, 682 F.2d at 43 (quoting FED. R. CIV. P. to the limited extent it seeks dismissal with prejudice. It is further recommended that the sua sponte dismissal of defendant Clielliny under Rule 4(m) be without prejudice.

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that defendants Bowers and Clapper's motion to dismiss for failure to prosecute, insofar as it seeks dismissal pursuant to Fed. R. Civ. P. 41 (Dkt. No. 33), be **GRANTED in part,** and plaintiff's complaint against defendants Bowers and Clapper be **DISMISSED in its entirety without prejudice**; and it is further

McMillan v. Bowers, Not Reported in Fed. Supp. (2022)

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 38 of 62

**RECOMMENDED**, that, in the alternative to dismissal pursuant to Fed. R. Civ. P. 41, defendant Bowers and Clapper's motion to dismiss for failure to prosecute (Dkt. No. 33) be **GRANTED in part**, insofar as it seeks dismissal pursuant to Fed. R. Civ. P. 16(f)(1), and that plaintiff's complaint against defendants Bowers and Clapper be **DISMISSED** in its entirety **without prejudice**; and it is further

**RECOMMENDED**, that defendants Bowers and Clapper's motion to dismiss, only insofar as it seeks dismissal with prejudice, be **DENIED**; and it is further

**RECOMMENDED**, that plaintiff's complaint as set forth against unserved defendant Clielliny be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m); and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Hum. Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 71 & 6(a). [4]

**All Citations**

Not Reported in Fed. Supp., 2022 WL 19405935

---

**Footnotes**

1    The correct spelling of this defendant's name is "Clapper," not "Clappermi." See Dkt. No. 18 ("the Clerk of the Court is respectfully requested to modify the docket accordingly").

2    The "response" has since been stricken from the record as the Court determined it was "unnecessary and not permitted since no counterclaims were asserted in the answer." Dkt. Nos. 19, 20.

3    Copies of all unpublished cases cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

4    If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

---

**End of Document**    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2025 WL 1626439
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Raymond M. MINIER, et al., Plaintiffs,
v.
Alicia K. MENSAH, et al., Defendants.

24-CV-1781 (LAK) (RFT)
|
Signed February 21, 2025

**Attorneys and Law Firms**

Raymond M. Minier, New York, NY, Pro Se.

Glenn Walker, New York, NY, Pro Se.

## AMENDED REPORT AND RECOMMENDATION

ROBYN F. TARNOFSKY, United States Magistrate Judge

**\*1  TO THE HONORABLE LEWIS A. KAPLAN, UNITED STATES DISTRICT JUDGE**
On February 9, 2025, I issued a report and recommendation that Your Honor dismiss the Complaint against the two remaining Plaintiffs, Glenn Walker and Bruce Ferreiro. (*See* ECF 25.) I am issuing an amended report and recommendation to address the considerations raised by the Second Circuit Court of Appeals in *Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227 (2d Cir. Oct. 31, 2024). In *Romano*, the Second Circuit issued a summary order providing guidance on the application of Federal Rule of Civil Procedure 41(b): the Second Circuit reversed the district court's dismissal for failure to prosecute, finding that, where a dismissal would render the claims untimely, a court must make a finding of "willfulness, bad faith, or reasonably serious fault" before dismissing for failure to prosecute under Rule 41(b). *See Romano*, 2024 WL 4635227, at \* 5.

The car accident underlying this case took place on June 21, 2021. (*See* ECF 1-5, Compl.) Accordingly, the three-year limitations period for personal injury under the New York Civil Practice Law & Rules ("CPLR") has already ended. *See* CPLR § 214. Thus, in this case, as in *Romano,* dismissal without prejudice would "operate[ ] in effect as a dismissal with prejudice ...." *Romano*, 2024 WL 4635227, at \* 5. I therefore address whether the two remaining Plaintiffs acted with "willfulness, bad faith, or reasonably serious fault" when they failed to prosecute this case. *See id.*

For the reasons set forth below, I conclude that Ferreiro and Walker acted willfully in failing to prosecute this case. Plaintiffs' counsel withdrew from the representation shortly after the case was removed from state court to this Court, and this case has been stayed since April 29, 2024 to allow Plaintiffs time to find replacement counsel or, if they could not do so, to allow them to indicate an intention to litigate pro se (without a lawyer). (*See* ECF 13.) Plaintiff Minier and Defendants filed a stipulation of dismissal (ECF 24), but Plaintiffs Walker and Ferreiro have neither discontinued the case, nor secured new counsel, nor indicated that they will continue litigating without a lawyer – notwithstanding having been provided many opportunities to do so. I therefore respectfully renew my recommendation that Your Honor dismiss the Complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## PROCEDURAL HISTORY

On June 21, 2023, Plaintiffs Raymond M. Minier, Ferreiro, and Walker began this action to recover for injuries they suffered in a car accident by filing a summons and complaint in New York Supreme Court, Bronx County, against Defendants Alicia K. Mensah and John K. Mensah. (*See* ECF 1.) Defendants filed an answer in state court. *See Minier v. Mensah*, No. 809548/2023E (N.Y. Civ. Ct.) (NYSCEF No. 4). After Defendants removed this action to this Court based on diversity jurisdiction on March 11, 2024 (*see* ECF 1), Plaintiffs' counsel withdrew from the representation. I stayed the case to permit Plaintiffs time to find new counsel or indicate that they wished to proceed without a lawyer. (*See* ECF 13.)

**\*2**  I initially gave Plaintiffs until June 5, 2024 to either find replacement counsel or file a letter on the docket indicating an intention to litigate pro se. (*See id.*) On June 3, 2024, Plaintiff Walker submitted a letter requesting an extension of time to find replacement counsel. (*See* ECF 15.) On June 7, 2024, I granted that request; even though Plaintiffs Minier and Ferreiro did not respond to my April 29 Order, I extended their time as well as Plaintiff Walker's until July 8, 2024 to either find replacement counsel or file a letter on the docket indicating an intention to litigate pro se. (*See* ECF 16.) No lawyer filed a notice of appearance on behalf of any Plaintiff by July 8, 2024; nor did any Plaintiff file a letter stating an intention to litigate without a lawyer or seeking an extension of time to try to find replacement counsel.

On July 9, 2024, I issued an order to show cause returnable on July 23, 2024 why I should not recommend that Plaintiffs' claims be dismissed for failure to prosecute. (*See* ECF 17, July 9 Order To Show Cause.) The July 9 Order To Show Cause warned Plaintiffs that failure to comply could lead to a recommendation to Your Honor that the case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (*See id.*) Due to a clerical error, my June 7 Order and the July 9 Order To Show Cause were not mailed to Plaintiffs at the time they were issued. On July 29, 2024, I issued an order (1) directing the Clerk of Court to mail the June 7 Order, the July 9 Order To Show Cause, and the July 29 Order to Plaintiffs and (2) extending the time for Plaintiffs to respond to the July 9 Order To Show Cause until September 3, 2024. (*See* ECF 18.) No lawyer filed a notice of appearance on behalf of any Plaintiff by September 3, 2024; nor did any Plaintiff file a letter stating an intention to litigate without a lawyer or seeking an extension of time to try to find replacement counsel.

On September 12, 2024, I issued an order stating that I would hold a telephonic status conference on September 26, 2024 and warning Plaintiffs that a failure to appear could result in my making a recommendation to Your Honor to dismiss their claims for failure to prosecute under Fed. R. Civ. P. 41(b). (*See* ECF 19.) On September 13, 2024, my courtroom deputy called each Plaintiff at the phone numbers provided to the Court by Plaintiffs' former counsel. (*See* ECF 13 at 6.) My courtroom deputy reached Plaintiff Minier and informed him of the September 12 Order scheduling the September 26 status conference. My courtroom deputy left voicemails for Plaintiffs Ferreiro and Walker, informing them of the September 26 status conference and requesting that each Plaintiff call chambers. Plaintiff Walker did not return the call. Plaintiff Ferreiro returned the call and spoke to my law clerk, who informed him of the status conference on September 26; told him that he would be mailed the September 12 Order, which contained instructions on how to call in to the conference; told him that it was important for him to call in to the conference on September 26; confirmed his address; and told him that if he did not receive the September 12 Order in the mail, he should call chambers.

Only Plaintiff Minier and counsel for Defendants appeared at the telephonic conference on September 26. Plaintiff Minier stated that he did not intend to continue litigating this case. In light of the non-appearance by Plaintiffs Walker and Ferreiro, I stated that it was my intention to recommend that their claims be dismissed for failure to prosecute. After the conference, however, Plaintiff Ferreiro called chambers. He provided a different mailing address than the one that he had confirmed to my law clerk on September 13. He told my law clerk that he did not intend to continue litigating this case and provided an email address where chambers could send him a form stipulation to discontinue the case.

**\*3**  On October 7, 2024, chambers emailed to Plaintiff Minier and counsel for Defendants a form stipulation of dismissal. Also on October 7, 2024, chambers emailed to Plaintiff Ferreiro and counsel for Defendants a form stipulation of dismissal, but the

message to Plaintiff Ferreiro bounced back as undeliverable. My law clerk called Plaintiff Ferreiro on October 8, 2024 to get his correct email address. Plaintiff Ferreiro said that he wanted to try to find counsel to continue litigating this case.

Notwithstanding my statement at the September 26 conference that, in light of the nonappearance of Plaintiffs Ferreiro and Walker, I intended to recommend dismissal of their claims for failure to prosecute, because Plaintiff Ferreiro indicated a desire to try to find counsel to continue litigating this case, I issued an order on October 11, 2024 that retroactively extended until November 15, 2024 both the stay of this case and the deadline for Plaintiffs Ferreiro and Walker to respond to the July 9 Order To Show Cause. (*See* ECF 22.) The October 11 Order explained that Plaintiffs Walker and Ferreiro could each comply with the July 9 Order To Show Cause by either (1) retaining replacement counsel to file a notice of appearance on his or their behalf or (2) submitting a letter on the docket stating that he or they intended to proceed with the case without a lawyer. (*See id.*) The October 11 Order also explained how Plaintiffs Ferreiro and Walker could file a letter on the docket, informed them of a legal services clinic that might be able to assist them, and stated that, if they failed to comply with the July 9 Order To Show Cause by November 15, 2024, it was my intention to recommend that their claims be dismissed for failure to prosecute. (*See id.*)

On October 16, 2024, Plaintiff Minier and Defendants filed a proposed stipulation of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (*see* ECF 23), which Your Honor signed on October 30, 2024. (*See* ECF 24.)

Plaintiffs Walker and Ferreiro did not comply with the July 9 Order To Show Cause as required by November 15, 2024, and they still have not done so.

## LEGAL STANDARDS

A plaintiff has a general obligation to prosecute his case diligently, and, if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute." *Zapata v. Isabella Geriatric Ctr.*, No. 12-CV-00738 (ALC) (DF), 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013), *report and recommendation adopted*, 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013). Plaintiffs have the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *Perez v. City of N.Y.*, No. 19-CV-2351 (LAK) (OTW), 2022 WL 21781461, at *1 (S.D.N.Y. Aug. 10, 2022).

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action sua sponte (that is, on its own motion without being asked to do so by a party). *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (explaining that even though Rule 41(b) refers only to dismissal upon a defendant's motion, a court nonetheless has the authority to dismiss a plaintiff's case sua sponte for failure to prosecute); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (holding that sua sponte dismissal may be warranted "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order").

Courts in this Circuit consider five non-dispositive factors in weighing the propriety of a Rule 41(b) dismissal: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane v. Hall's Secs. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

## DISCUSSION

**\*4** Plaintiffs Walker and Ferreiro have been without counsel for nearly ten months and have neither found new counsel to file a notice of appearance on their behalf nor indicated that they intend to litigate the case without a lawyer. Their time to secure counsel or elect to proceed without a lawyer was extended several times, until November 15, 2024. They have failed

to meaningfully respond to the July 9 Order To Show Cause for nearly seven months, even though they were prompted to do so by orders, communications from chambers, and a telephonic status conference. I conclude that the failure to meaningfully respond to the July 9 Order To Show Cause was willful, based on a lack of interest in this case. Additionally, as to the first consideration in determining whether dismissal is appropriate for failure to prosecute, a delay of six months "falls comfortably within the time frames found sufficient" in Rule 41(b) dismissals. *Peters-Turnbull v. Board of Educ. of the City of N.Y.*, No. 96-CV-4914 (SAS), 1999 WL 959375, at *2-3 (S.D.N.Y. Oct. 20, 1999).

Relevant to the second factor, Plaintiffs' time to find new counsel or indicate that they were electing to litigate without a lawyer has been extended multiple times, and Plaintiffs were repeatedly warned of the consequences of failing to comply with Court orders. (*See* ECF 16; ECF 17; ECF 18; ECF 19; ECF 22.) Indeed, in the October 11 Order, which was the order before the original report and recommendation, I admonished Plaintiffs that failure to respond to the July 9 Order To Show Cause would result in a recommendation that their case be dismissed. (*See* ECF 22.) "[A]lthough no one Rule 41(b) factor is dispositive, inexcusable disregard for a judge's warning justifies dismissal, even when the delay is brief." *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-CV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000).

As to the third factor, "[a]lthough there is no specific evidence on the record that delay will prejudice [the defendants] – indeed, there is no record beyond [the Complaint, the Answer, and the Court's orders] – [p]rejudice to defendants resulting from unreasonable delay may be presumed." *Farion v. Ezzo*, No. 19-CV-5477 (LJL), 2020 WL 5578294, at *1 (S.D.N.Y. Sept. 17, 2020) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).

With respect to the fourth factor, "the Court's interest in managing its docket is significant, as it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket where [Plaintiffs have] made no effort to comply with the Court's orders or to prosecute this case." *Ungaro v. Aaron*, No. 24-CV-0339 (RA), 2024 WL 3678437, at *2 (S.D.N.Y. Aug. 5, 2024).

And as to the fifth factor, "there is no reason for the Court to believe that any lesser sanction would cause [Plaintiffs] to pursue this case with appropriate speed," since Plaintiffs have repeatedly failed to respond to the Court's orders. *Id.*

I conclude that all five factors counsel in favor of dismissal without prejudice.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that this action be **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION

The parties shall have fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure to this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Kaplan.

**\*5** THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).

**All Citations**

Slip Copy, 2025 WL 1626439

---

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

---

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2016 WL 7264953
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Drahcir S. PARSON, Plaintiff,

v.

Inspector BARBOZA, Warren County Jail, Defendant.

9:14-CV-1267 (BKS/CFH)

|

Signed 12/15/2016

**Attorneys and Law Firms**

Drahcir S. Parson, Schenectady, NY 12303, Plaintiff, pro se.

Gregg T. Johnson, Esq., April J. Laws, Esq., Lemire, Johnson & Higgins LLC, P.O. Box 2485, 2534 Route 9, Malta, NY 12020, Attorney for Defendant.

**MEMORANDUM-DECISION AND ORDER**

Brenda K. Sannes, U.S. District Judge

**I. BACKGROUND**

**\*1** Plaintiff pro se Drahcir Parson brought this action against Defendant Inspector Barboza under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was a pretrial detainee at the Warren County Jail. Dkt. No. 18. On December 18, 2015, Defendants filed a motion for summary judgment seeking dismissal of the complaint. Dkt. No. 27. Plaintiff did not respond to Defendants' motion. In addition, certified mail sent to Plaintiff notifying him of the due date for his response to the summary judgment motion was returned to the Court as "unclaimed" on January 27, 2016. Dkt. No. 33.

On June 28, 2016, United States Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order recommending that Defendants' motion be granted in part and denied in part and advised the parties of their right to file objections. Dkt. No. 37. Defendant Barboza filed an objection to the Report-Recommendation. Dkt. No. 41. Plaintiff, however, neither objected to the Report-Recommendation nor responded to Defendant's objection.

On August 18, 2016, the Court issued an order adopting the Report-Recommendation. Dkt. No. 43. On August 19, 2016, the Courtroom Deputy to the undersigned sent Plaintiff a letter advising that this case is trial ready and requesting that Plaintiff "advise ... in writing on or before September 2, 2016 as to whether [he] would like the Court to appoint an attorney to represent [him] at trial." Dkt. No. 43. On September 1, 2016, Defendant filed a motion for reconsideration on the issue of qualified immunity. Dkt. No. 44. Plaintiff did not respond to the Courtroom Deputy's August 19, 2016 letter or Defendant's motion for reconsideration. Indeed, Plaintiff has not communicated with the Court in more than a year—his last filing was a change of address on September 25, 2015. Dkt. No. 25.

On November 18, 2016, the Court issued an order to show cause why this action should not be dismissed for failure to prosecute. Dkt. No. 45, p. 2 (citing N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."); *Horton v. City of N.Y.*, 636 Fed.Appx. 822, 823 (2d Cir. 2016) (" '[A]lthough the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 45 of 62

Parson v. Barboza, Not Reported in Fed. Supp. (2016)

failure to prosecute.' ") (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001))). The Court directed Plaintiff to file by December 9, 2016, a "certificate setting forth the status of this action and whether good cause exists to dismiss it for failure to prosecute." Dkt. No. 45, p. 4 (quoting N.D.N.Y. L.R. 41.2(a)). The Court advised Plaintiff that if he failed to file a certificate of status by December 9, 2016, this action would be dismissed. *Id.* To date, the Court has received no response from Plaintiff. For the following reasons, Defendant's motion for reconsideration (Dkt. No. 44) is denied and this action is dismissed for failure to prosecute.

## II. DISCUSSION

**\*2**  Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). *See also* N.D.N.Y. L.R. 41.2 ("Whenever it appears that the plaintiff has failed to prosecute an action or proceed diligently, the assigned judge shall order it dismissed."). Moreover, the Second Circuit has stated that:

> [T]he involuntary dismissal is an important tool for preventing undue delays and avoiding docket congestion. But it is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (internal citation omitted). The Second Circuit has further stated that courts "should be especially hesitant to dismiss for procedural deficiencies where the failure is by a *pro se* litigant." *Hunter v. N.Y. State Dep't of Correctional Servs.*, 515 Fed.Appx. 40, 42 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)) (internal punctuation omitted). Mindful of the Second Circuit's admonition that courts should be cautious when dismissing an action for procedural deficiencies, the Court first considers whether Defendant's motion for reconsideration (Dkt. No. 44) might resolve this action.

### A. Motion for Reconsideration

In general, a motion for reconsideration may only be granted upon one of three grounds: "an intervening change of controlling law, the availability of new evidence or the need to correct a clear error of law or prevent manifest injustice." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) *aff'd sub nom. Smith v. S.E.C.*, 432 Fed.Appx. 10 (2d Cir. 2011).

In her motion for reconsideration, Defendant does not identify an intervening change of controlling law, indicate that new evidence is available, or allege that there was a clear error of law. Rather, Defendant reargues the issue of qualified immunity in essentially the same manner as she did in her objections. *Compare* Dkt. No. 42, pp. 14–15, *with* Dkt. No. 44-1, pp. 6–10. Having determined that Defendant's video evidence does not "so utterly discredit" Plaintiff's allegation in the verified complaint that Defendant "slammed [Plaintiff] to the ground from behind and then grabbed [his] right finger to break it as she began handcuffing [him]," Dkt. No. 18, p. 3, Magistrate Judge Hummel properly concluded, and this Court agreed, that in light of the parties' factual dispute, Defendant was not entitled to qualified immunity at this point in the proceedings. *See* Dkt. No. 37, pp. 15, 30 (finding that "because a reasonable jury could conceivably accept Parson's claim that Barboza's use of force was objectively unreasonable, Barboza is not entitled to qualified immunity for the alleged Fourteenth Amendment violation."); Dkt. No. 42, pp. 4–5. *See also O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 37 (2d Cir. 2003) (explaining that in the

excessive force context that "[s]ummary judgment should not be granted on the basis of a qualified immunity defense premised on an assertion of objective reasonableness unless the defendant show[s] that no reasonable jury, viewing the evidence in the light most favorable to the [p]laintiff, could conclude that the defendant's actions were objectively unreasonable in light of clearly established law."). Accordingly, there is no basis for reconsideration and Defendant's motion (Dkt. No. 44) is denied.

### B. Dismissal for Failure to Prosecute

**\*3** The Second Circuit has instructed courts to consider the following factors when determining whether dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake*, 375 F.3d at 254. None of these factors is dispositive. *Lopez v. Smurfit-Stone Container Enterprise, Inc.*, 289 F.R.D. 103, 104-105 (W.D.N.Y. 2013).

Considering these factors, the Court concludes that dismissal for failure to prosecute is warranted under the circumstances of this case. First, Plaintiff's failure to prosecute has delayed this action significantly—it has been pending for more than two years, and it is trial ready. Second, Plaintiff was given notice that failure to cooperate or appear in connection with this case could result in dismissal. Dkt. No. 45; Dkt. No. 8, p. 5. Third, Defendant is likely to be prejudiced by delaying trial indefinitely. Fourth, while the Court is mindful that Plaintiff has survived summary judgment and is entitled to trial with respect to his excessive force claim against Defendant, because he has not appeared in this action for more than a year, the Court finds that the need to alleviate calendar congestion outweighs Plaintiff's right to an opportunity for a day in court. Fifth, where, as here, Plaintiff has failed to suggest that he has any intention of pursuing this action, the Court concludes that a sanction less than dismissal would be ineffective. Thus, having carefully considered the relevant factors, the Court finds that dismissal is warranted.

### III. CONCLUSION
For these reasons, it is

**ORDERED** that Defendant's motion for reconsideration (Dkt. No. 44) is **DENIED**; and it is further

**ORDERED** that the amended complaint (Dkt. No. 18) is **DISMISSED without prejudice** for failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-Decision and Order on Plaintiff via Certified Mail and close this case.

**IT IS SO ORDERED.**

### All Citations

Not Reported in Fed. Supp., 2016 WL 7264953

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

2025 WL 3537377
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Kentuan ROUSE, Plaintiff,
v.
TRANSWORLD SYSTEMS, INC., Defendant.

24-CV-8123 (NG)
|
Signed December 10, 2025

**Synopsis**
**Background:** Former employee brought employment discrimination action against former employer, alleging sex-based discrimination, hostile work environment, and retaliation under federal, state, and local law. After employee's counsel withdrew and pro se employee repeatedly failed to respond to court orders or appear at conferences despite warnings of possible dismissal, employer moved to dismiss for failure to prosecute.

**Holdings:** The District Court, Nina Gershon, Senior District Judge, adopted report and recommendation of Joseph A. Marutollo, United States Magistrate Judge, and held that:

[1] employee failed to prosecute his action against employer for a significant duration;

[2] employee received notice that further delays in responding to court orders would result in dismissal;

[3] employer would be presumed to be prejudiced by employee's failure to prosecute his action for a significant period of time;

[4] district judge took care to strike a balance between administrative burden of stagnant cases with employee's right to due process and a fair chance to be heard;

[5] any lesser sanction than dismissal would not be effective in forcing employee's compliance with court orders; and

[6] employee's action against employer would be dismissed for failure to prosecute, but without prejudice.

Motion granted in part and denied in part.

**Procedural Posture(s):** Motion to Dismiss for Want of Prosecution.

West Headnotes (15)

[1]     **Attorneys and Legal Services**  👈 Procedural matters in general
        The duty to inform the court and defendants of any change of address is an obligation that rests with all pro se plaintiffs.

**[2]**    **Federal Civil Procedure** 👈 Involuntary Dismissal

Although dismissal for failure to prosecute is subject to the discretion of the district courts, such a dismissal is a harsh remedy to be utilized only in extreme situations. Fed. R. Civ. P. 41(b).

**[3]**    **Federal Civil Procedure** 👈 Failure to Prosecute

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following five factors, none of which are dispositive: (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. U.S. Const. Amend. 14.

**[4]**    **Federal Civil Procedure** 👈 Length of delay in general

Pro se employee failed to prosecute his sex-based discrimination and retaliation action against employer for a significant duration, as a factor to be examined in ruling on employer's motion to dismiss for failure to prosecute, weighing in favor of dismissal; employee failed to respond to court communications for three months following withdrawal of his counsel, after which employee filed non-responsive documents on the docket and participated in phone calls with defense counsel during a status conference but refusal to join the hearing, which was followed by three more months of unresponsiveness. Fed. R. Civ. P. 41(b).

More cases on this issue

**[5]**    **Federal Civil Procedure** 👈 Failure to Prosecute

The first factor to be examined in determining whether to dismiss a case for failure to prosecute, i.e. the duration of the plaintiff's failures, breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration. Fed. R. Civ. P. 41(b).

**[6]**    **Attorneys and Legal Services** 👈 Compliance with Standards and Rules

A plaintiff's pro se status does not excuse noncompliance with court orders.

**[7]**    **Federal Civil Procedure** 👈 Failure to Prosecute

Pro se employee received notice that further delays in responding to court orders would result in dismissal of his sex-based discrimination and retaliation action against employer, as a factor weighing in favor of dismissal for failure to prosecute; employee was warned that failure to advise the court of the status of his representation could result in a recommendation that his action be dismissed for failure to prosecute, he was twice ordered to show cause why the action should not be dismissed for failure to prosecute, and all orders were served on employee both by e-mail and U.S. mail. Fed. R. Civ. P. 41(b).

More cases on this issue

**[8]**    **Federal Civil Procedure** 👈 Prejudice from delay

Courts may presume a defendant is prejudiced by a plaintiff's failure to prosecute, as a factor in determining whether to dismiss a matter, where the plaintiff has caused an unreasonable delay. Fed. R. Civ. P. 41(b).

**[9]    Federal Civil Procedure** 🔑 Prejudice from delay

In the context of a motion to dismiss for failure to prosecute, prejudice to a defendant may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the plaintiff's delay was lengthy and inexcusable; in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater. Fed. R. Civ. P. 41(b).

**[10]    Federal Civil Procedure** 🔑 Prejudice from delay

Former employer would be presumed to be prejudiced by pro se employee's failure to prosecute his sex-based discrimination and retaliation action for a significant period of time, as a factor weighing in favor of dismissing the action; employee had not been responsive to the court's orders in the seven months since his counsel withdrew, he filed documents that were not responsive to the court's orders and only sought an extension of time to find a new attorney, he failed to respond to the court's request for the status of his search for new counsel, he knowingly failed to appear for a status conference, and failed to respond to requests to show cause why the matter should not be dismissed. Fed. R. Civ. P. 41(b).

More cases on this issue

**[11]    Constitutional Law** 🔑 Dismissal

**Federal Civil Procedure** 🔑 Failure to Prosecute

District judge took care to strike a balance between the administrative burden placed on the court's docket by stagnant cases with pro se employee's right to due process and a fair chance to be heard, as a factor weighing in favor of dismissal of employee's sex-based discrimination and retaliation action against employer for failure to prosecute; employee was given additional warnings, in light of his pro se status, of the possibility of dismissal if he did not respond to court orders, employer's counsel personally called employee to notify him of court's orders, and the court ensured employee remained apprised of developments in the case and consistently ordered employer's counsel to serve employee via e-mail and U.S. mail. U.S. Const. Amend. 14; Fed. R. Civ. P. 41(b).

More cases on this issue

**[12]    Federal Civil Procedure** 🔑 Failure to Prosecute

Any lesser sanction than dismissal would not be effective in forcing pro se employee's compliance with court orders, as a factor weighing in favor of dismissal of employee's sex-based discrimination and retaliation action against employer for failure to prosecute; employee had over three months to respond to court orders and failed to do so, and he ignored direct orders provided by the court via telephone, and an order to show cause providing him with a final opportunity to respond, which contained a warning that failure to respond would result in a dismissal for failure to prosecute. Fed. R. Civ. P. 41(b).

More cases on this issue

**[13]    Federal Civil Procedure** 🔑 Effect

When imposed, the sanction of dismissal for failure to prosecute operates as an adjudication upon the merits, but may be without prejudice if so specified by the court imposing it. Fed. R. Civ. P. 41(b).

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 51 of 62

**[14]    Attorneys and Legal Services** 🔑 Procedural matters in general

Pro se litigants should be granted special leniency regarding procedural matters in context of dismissal for failure to prosecute. Fed. R. Civ. P. 41(b).

**[15]    Federal Civil Procedure** 🔑 Effect

Pro se employee's sex-based discrimination and retaliation action against employer would be dismissed for failure to prosecute, but without prejudice; such a sanction was less harsh and more appropriate given employee's pro se status, and served the district court's need to clear its calendar without unduly penalizing a pro se litigant for failing to comply with a scheduling order. Fed. R. Civ. P. 41(b).

More cases on this issue

**Attorneys and Law Firms**

Kentuan Rouse, Pro Se.

David J. De Toffol, Joshua Gittleman, DeToffol & Gittleman, Attorneys at Law, New York, NY, for Plaintiff.

Aaron R. Easley, Sessions, Israel & Shartle, LLC, Flemington, NJ, Kevin Gallo Barreca, Pro Hac Vice, Fletcher William Lavie, Pro Hac Vice, Sessions, Israel & Shartle, Metairie, LA, Jay I. Brody, Sessions, Israel & Shartle, New York, NY, for Defendant.

## ORDER

GERSHON, United States District Judge:

**\*1** On December 7, 2025, Magistrate Judge Joseph A. Marutollo issued a report and recommendation (the "R&R") recommending that defendant's motion to dismiss this action for failure to prosecute be granted. The R&R advised plaintiff that under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) any objections had to be filed within 14 days of service. Defendant served the R&R on plaintiff via email and overnight mail on November 10, 2025. The court has yet to receive any objections from plaintiff.

The deadline for filing objections to the R&R having passed, and no objections having been filed, I have reviewed the R&R for clear error. Finding no clear error, I adopt the R&R in full. The Clerk of Court is respectfully directed to enter judgment dismissing this case without prejudice, and defendant is respectfully directed to serve copies of that judgment and this order on plaintiff via email and overnight mail and to file proof of service on ECF.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

JOSEPH A. MARUTOLLO, United States Magistrate Judge:

Presently before the Court, on a referral from the Honorable Nina Gershon, U.S. District Judge, is Defendant Transworld Systems, Inc.'s motion to dismiss due to *pro se* Plaintiff Kentuan Rouse's failure to prosecute this action. *See* Dkt. No. 38, September 8, 2025 Dkt. Order. For the reasons set forth below, the undersigned respectfully recommends that Defendant's motion be granted in part.

## I. Relevant Background

Plaintiff, then-represented by counsel, commenced this action on November 22, 2024 against defendants Transworld Systems, Inc., Convergent Outsourcing, Inc., and National Grid USA, alleging sex-based employment discrimination, hostile work environment, and retaliation under federal, state, and local law. Dkt. No. 2 ¶ 1. Convergent Outsourcing, Inc. and National Grid USA were terminated as defendants when Plaintiff filed an amended complaint on January 28, 2025. *See* Dkt. No. 16. In the amended complaint, Transworld Systems, Inc. is the sole defendant in this action. *See* Dkt. No. 16 ¶ 6.

Defendant answered the amended complaint on February 11, 2025. An initial conference before the undersigned was held on February 13, 2025, and a discovery schedule was set at that conference.

On May 13, 2025, Plaintiff's counsel filed a motion to withdraw from representation. *See* Dkt. No. 27. Plaintiff executed a stipulation of discharge that voluntarily terminated the attorney-client relationship. *See* Dkt. No. 27-1. Plaintiff's counsel did not elaborate any further on why such discharge was necessary. *See* Dkt. Nos. 27, 27-2. Counsel's initial application to withdraw was not approved as it was not served on Plaintiff. May 13, 2025 Dkt. Order. Counsel properly served their client, and the Court approved the motion to withdraw on May 15, 2025. *See* Dkt. No. 28; May 15, 2025 Dkt. Order. Counsel did not apply for and was not granted a charging lien. *Id.* In the order granting Counsel's motion to withdraw, the Court ordered Plaintiff to advise the Court of the status of his representation by May 28, 2025. *Id.* Defendant served the Court's May 15, 2025 order on Plaintiff via email at kentuanrouse007@gmail.com and via U.S. mail at 89-29 163rd Street, Apt. 40 Jamaica, New York 11432. *See* Dkt. No. 29.

 **\*2**  *Pro se* Plaintiff failed to respond by May 28, 2025, and the Court *sua sponte* extended the deadline for his response to June 27, 2025. June 11, 2025 Dkt. Order. This order warned Plaintiff that failure to respond, "may result in a *sua sponte* Report and Recommendation to [Judge Gershon] recommending that Plaintiff's suit be dismissed under Fed. R. Civ. P. 41(b)." *Id.* Defendant again served this order on Plaintiff via email and U.S. mail. *See* Dkt. No. 30.

 **[1]**  On August 5, 2025, Plaintiff uploaded various documents to the case docket, including a letter to the Court requesting additional time to find counsel. *See* Dkt. No. 33-2. This letter did not explain past delays or provide any excuse for failures to meet previous deadlines. *Id.* Significantly, Plaintiff provided the following address as his mailing address:

> Kentuan Rouse
> 8829 163rd Street
> Jamaica, NY 11432
> Tel.: (347) 527-3552
> Email: kentuanrouse007@gmail.com

Dkt. No. 33-2. [1]

In response, the Court scheduled a status conference for August 13, 2025. *See* Text Order dated August 5, 2025. Defendant served this notice on Plaintiff via email and U.S. mail on August 6, 2025. *See* Dkt. No. 35.

Plaintiff failed to appear at the August 13, 2025 status conference. *See* Aug. 13, 2025 Minute Entry. Instead, during the conference, Defendant's "counsel reported that Plaintiff was on the phone with one of Defendant['s] attorneys at the time of the conference and refused to call in to the Court's conference, despite the Court telling him to do so." Minute Entry dated August 13, 2025. "Plaintiff also refused to answer calls placed by the Court to his phone during the course of the conference." *Id.*; *see also* Dkt. No. 38-1 ("Plaintiff refused to appear, despite defense counsel contemporaneously speaking with Plaintiff via telephone and rel[a]ying the Court's instructions").

In light of Plaintiff's repeated failure to comply with orders of the Court, the Court ordered, "by August 18, 2025, Plaintiff [ ] to SHOW CAUSE why sanctions should not be imposed, including dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b), for his repeated failures to comply with orders from the Court." *Id.* Defendant again served this order on Plaintiff via email and U.S. mail. *See* Dkt. No. 36.

Plaintiff failed to respond to the Court's August 13, 2025 order, so the Court directed Defendant to file a motion to dismiss for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure by September 8, 2025. *See* Aug. 25, 2025 Dkt. Order. Defendant served this order on Plaintiff via email and U.S. mail. *See* Dkt. No. 37. Plaintiff's deadline to respond to Defendant's motion was September 22, 2025; to date, no response has been filed. *See id.*

**\*3** On October 23, 2025, the undersigned *sua sponte* issued the following order to show cause:

> Pro se Plaintiff has failed to appear at the August 13, 2025 status conference, failed to follow orders from the Court to dial into the August 13, 2025 status conference, failed to respond by August 18, 2025 to the Court's Order to Show Cause as to why sanctions including dismissal for failure to prosecute, and failed to respond to Defendant's Motion to Dismiss for Lack of Prosecution [Dkt. No. 38].

> By November 6, 2025, pro se Plaintiff is given one final opportunity to show cause as to why this action should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Failure to comply with this Court order **will** result in a sanction of a report and recommendation of dismissal for failure to prosecute.

> Defendant is directed to serve a copy of this order to show cause on Plaintiff at both 8829 163rd Street, Jamaica, New York 11432 and 89-29 163rd Street, Apt. 40, Jamaica, New York 11432, and by e-mail at kentuanrouse007@gmail.com, and file proof of service by October 24, 2025.

Order to Show Cause dated Oct. 23, 2025 (emphasis original). Defendant served the order show cause by U.S. mail, certified mail at both addresses, and also served a copy by e-mail. Dkt. No. 39. No response has been filed to date.

## II. **Discussion**

### A. **Legal Standard**

**[2]** Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Schwartz v. AMF Bowling Centers, Inc.*, No. 19-CV-7096 (WFK) (JAM), 2025 WL 1682269, at \*3-\*4 (E.D.N.Y. June 16, 2025), *report and recommendation adopted*, 2025 WL 1826568 (E.D.N.Y. Jul. 2, 2025) (directing defendant to file Fed. R. Civ. P. 41(b) motion to dismiss for failure to prosecute); *Nielsen v. J.C. Penny Co., Inc.*, No. 23-CV-5619 (JGLC) (HJR), 2025 WL 868495, at \*2 (S.D.N.Y. Mar. 20, 2025), *report and recommendation adopted*, No. 23-CV-5619 (JGLC), 2025 WL 1265807 (S.D.N.Y. Apr. 30, 2025) (applying court's inherent authority to dismiss case for failure to prosecute). Although dismissal under Rule 41(b) is subject to the discretion of the district courts, the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).

**[3]** Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following five factors:

[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*4  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). "While the Second Circuit has cautioned that pro se plaintiffs should be granted special leniency regarding procedural matters, courts in this district have recognized that [ ] even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Zeigler v. Annucci*, No. 23-CV-707 (KMK), 2025 WL 1056904, at *2 (S.D.N.Y. Apr. 8, 2025) (cleaned up and internal citations omitted); *see also Johnson v. C. R. Bard, Inc.*, No. 19-CV-8478 (KMK), 2021 WL 5910398, at *1 (S.D.N.Y. Dec. 10, 2021) (quoting the same); *Murphy v. Rodriguez*, No. 23-CV-6998 (KMK), 2025 WL 2607605, at *1 (S.D.N.Y. Sept. 9, 2025) (quoting the same); *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) (holding, "[i]t is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct.").

### B. Analysis

Here, all five of the *Baptiste* factors weigh in favor of dismissal.

[4]  [5]  "The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) (internal citations omitted). Here, Plaintiff has taken no action to prosecute this case for over three months, since the Plaintiff filed additional (non-responsive) documents on the docket on August 5, 2025. *See* Dkt. No. 33. Plaintiff participated in phone calls with defense counsel during the August 13, 2025 status conference but did not respond to the Court's order to join the hearing that was conveyed in real-time by defense counsel. *See* Aug. 13, 2025 Minute Entry; *Dodson v. Runyon*, 957 F. Supp. 465, 471 (S.D.N.Y. 1997), *aff'd*, 152 F.3d 917 (2d Cir. 1998) (finding that Plaintiff's previous participation in litigation showed his awareness of litigation deadlines and therefore dismissal was an appropriate remedy). That brief period of activity was preceded by three months of inaction and unresponsiveness from Plaintiff that began with the missed deadline of May 28, 2025. *See* May 15, 2025 Dkt. Order.

Case law in this Circuit indicates that a plaintiff's failure to prosecute an action for only a few weeks or months can merit dismissal under Fed. R. Civ. P. 41(b). *Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) ("Case law ... supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal" for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure); *Randolph v. Goodman*, No. 25-CV-04833 (JLR), 2025 WL 2930292, at *1 (S.D.N.Y. Oct. 15, 2025) (holding that dismissal is appropriate in a case where Plaintiff's unresponsiveness lasted 56 days); *Prophete v. New York City Health & Hosps.*, No. 23-CV-11117 (RA), 2025 WL 315958, at *2 (S.D.N.Y. Jan. 28, 2025) (finding dismissal appropriate when Plaintiff has been unresponsive for three months); *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (collecting cases favoring dismissal after four months of inaction); *Gonzalez v. City of New York*, No. 17-CV-1824 (JGK), 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018) ("The plaintiff's failure to comply with the Court's orders in the preceding three months clearly warrants dismissal for failure to prosecute, especially in light of this Court's repeated reminders that the plaintiff risked dismissal of his case if he failed to comply with the orders."); *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute

where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10-CV-05354 (DAB) (JCF), 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (recommending dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *report and recommendation adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015).

**\*5** **[6]** Plaintiff's *pro se* status does not excuse his noncompliance with Court orders. *See Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice."); *Gibson v. City of New York*, No. 21-CV-4251 (GHW) (BCM), 2022 WL 3566493, at *2 (S.D.N.Y. Aug. 3, 2022) ("[L]ike all litigants, *pro se* parties 'have an obligation to comply with court orders. When they flout that obligation they ... must suffer the consequences of their actions.' " (citation omitted)), *report and recommendation adopted*, 2022 WL 3549875 (S.D.N.Y. Aug. 18, 2022).

**[7]** The second factor poses the question as to whether Plaintiff "received notice that further delays would result in dismissal." *Drake*, 375 F.3d at 255 (internal citations omitted). Plaintiff was first warned on June 11, 2025 that, "[f]ailure to [advise the court of the status of his representation] may result in a *sua sponte* Report and Recommendation to [Judge Gershon], recommending that Plaintiff's suit be dismissed under Fed. R. Civ. P. 41(b)." June 11, 2025 Dkt. Order. The Court warned Plaintiff a second time on August 13, 2025, "Plaintiff is ordered to SHOW CAUSE why sanctions should not be imposed, including dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b), for his repeated failures to comply with orders from the Court." Aug. 13, 2025 Minute Entry (capitalization in original); *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (holding that two notices that an action could be dismissed was sufficient notice). Finally, on October 23, 2025, the undersigned *sua sponte* issued an order to show cause for Plaintiff's benefit, permitting Plaintiff "one final opportunity to show cause as to why this action should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)" by November 6, 2025. Order to Show Cause dated Oct. 23, 2025. The order contained a third warning that "Failure to comply with this Court order **will** result in a sanction of a report and recommendation of dismissal for failure to prosecute." *Id.* (emphasis original). This order was served on Plaintiff at both of his addresses. Dkt. No. 39. Additionally, Defendant served both orders on Plaintiff via email and U.S. mail. *See* Dkt. Nos. 30, 36. It is also clear from the record that Plaintiff received these notices and was aware of his case's status because he was in communication with defense counsel by phone during the August 13, 2025 status conference. *See* Aug. 13, 2025 Minute Entry.

These orders provided explicit notice to Plaintiff that failure to prosecute his action and comply with Court orders would result in dismissal of his case. *See Hunter*, 515 F. App'x at 43; *Velt Corp. v. United States*, No. 19-CV-5463 (MKB) (ST), 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020), *report and recommendation adopted*, No. 19-CV-5463 (MKB) (ST), 2020 WL 7639962 (E.D.N.Y. Dec. 23, 2020) (finding that failure to comply with three orders to file a status report warranted dismissal). Moreover, the warnings provided to Defendant were sufficiently forward-looking as they warned him that the action would be dismissed in the event of further delay. *See Drake*, 375 F.3d at 255 (finding that a warning that an action will be dismissed based on past delay provides insufficient notice to defendant to satisfy the second factor of the Rule 41(b) dismissal test).

**\*6** **[8]** **[9]** The third factor is whether Defendants are likely to be prejudiced by any further delay. *Drake*, 375 F.3d at 255. "Courts may presume such prejudice where, as here, [Plaintiff] has caused an 'unreasonable delay.' " *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (quoting *LeSane*, 239 F.3d at 209); *Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." (collecting cases)); *Tankersley v. City of New York*, No. 19-CV-3359 (MKB), 2021 WL 5013620, at *3 (E.D.N.Y. Oct. 26, 2021) (presuming prejudice following Plaintiff's unexplained failure to appear for a deposition and three scheduled conferences). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable. In cases where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.' " *Drake*, 375 F.3d at 256 (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).

**[10]** In this case, Plaintiff has not been responsive to the Court's orders since Plaintiff's counsel withdrew in mid-May 2025. *See* May 15, 2025 Dkt. Order; June 11, 2025 Dkt. Order; Aug. 13, 2025 Minute Entry. The documents Plaintiff filed on August

5, 2025 were not responsive to the Court's orders, and they only sought an extension of time to find a new attorney. Dkt. No. 33-2. The Court had asked multiple times for the status of Plaintiff's search for new counsel, and Plaintiff's August 5, 2025 letter failed to detail any steps taken to remedy the situation or find new counsel. *Id.* And, significantly, following Plaintiff's August 5, 2025 submissions, the Court held a status conference where Plaintiff knowingly failed to appear. *See* Aug. 13, 2025 Minute Entry. On October 23, 2025, the Court *sua sponte* issued a further order to show cause permitting Plaintiff to respond by November 6, 2025, with a third warning that the failure to respond will result in a sanction to a report and recommendation of dismissal for failure to prosecute. Order to Show Cause dated Oct. 23, 2025. To date, Plaintiff still has not responded. Because Plaintiff's inaccessibility has unnecessarily delayed this case for over three months, the Court presumes prejudice to Defendant.

[11]    Fourth, the Court must weigh the administrative burden placed on the Court's docket by stagnant cases, such as Plaintiff's, with Plaintiff's right to due process and fair chance to be heard. *See Rubin v. Abbott Lab'ys*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016); *Baptiste*, 768 F.3d at 216. The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn his attention" to this case. *Pena*, 587 F. Supp. 3d at 114. In this case, the Court granted Plaintiff additional warnings, in light of his *pro se* status. June 11, 2025 Dkt. Order; Order to Show Caused dated Oct. 23, 2025. Here, despite having repeatedly been notified of this Court's orders, including personal phone calls from Defendant's counsel, Plaintiff has demonstrated a clear lack of interest in pursuing his case. *See Caussade*, 293 F.R.D. at 631 (holding that failure to respond to repeated requests from the Court weighs in favor of granting a Rule 41(b) motion to dismiss for failure to prosecute). Further, the Court has ensured that Plaintiff remained apprised of developments in the case and has consistently ordered Defendant's counsel to serve Plaintiff via email and U.S. mail. *See* May 15, 2025, June 11, 2025, and August 13, 2025 Dkt. Orders. Plaintiff's repeated, knowing refusal to respond to the Court's orders tips the balance in favor of clearing this stagnant case from the Court's docket due to Plaintiff's failure to prosecute.

*7    [12]    The final *Baptiste* factor concerns the effectiveness of any lesser sanction. *See* 768 F.3d at 216. Here, the Plaintiff has had over three months to respond to court orders and has failed to do so, and he has even ignored direct orders provided by the Court via telephone, and an order to show cause providing Plaintiff with a final opportunity to respond by November 6, 2025, which contained a warning that failure to respond will result in a dismissal for failure to prosecute. Aug. 13, 2025 Minute Entry; Order to Show Cause dated Oct. 23, 2025; *see Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999) (Sotomayor, J.) (affirming dismissal for failure to prosecute); *see also Simonaj v. Garland*, No. 23-CV-10322 (JHR) (SLC), 2024 WL 872287, at *2 (S.D.N.Y. Feb. 1, 2024), ("Given Mr. Gjoni's complete lack of communication and disregard of the Court's orders, no lesser sanction than dismissal is appropriate."), *report and recommendation adopted*, 2024 WL 871028 (S.D.N.Y. Feb. 29, 2024); *Thompson v. Rising Star Beauty Salon, Inc.*, No. 15-CV-3716 (RRM) (RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective"). Of additional concern to the Court is that any lesser sanction would be not effective because the non-responsive Plaintiff would be unaware that such a sanction had been applied. *See Blake v. Payane*, No. 08-CV-0930 (PAC) (PED), 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011). As to the final factor, the Court finds that a lesser sanction would not be effective in forcing Plaintiff's compliance with Court orders.

Thus, the undersigned respectfully recommends dismissal for failure to prosecute.

### III. Dismissal without Prejudice

[13]    [14]    Defendants seek dismissal of this action with prejudice. *See* Dkt. No. 38-1 at 10. "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell*, 682 F.2d at 42 (quoting Fed. R. Civ. P. 41(b)). It is also clearly established within this Circuit that *pro se* litigants "should be granted special leniency regarding procedural matters" in the context of Rule 41(b). *LeSane*, 239 F.3d at 209.

[15]    Notwithstanding Plaintiff's failure to prosecute this action, the undersigned respectfully recommends that Plaintiff's claims be dismissed *without* prejudice. *Febrianti v. NYC Health & Hosps.*, No. 23-CV-06175 (JLR) (SDA), 2025 WL 2411982, at *4 (S.D.N.Y. Aug. 1, 2025), *report and recommendation adopted*, 2025 WL 2411101 (S.D.N.Y. Aug. 20, 2025) (recommending dismissal without prejudice in light of the plaintiff's *pro se* status); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (Rule

41(b) dismissal with prejudice to be used with caution because "*pro se* plaintiffs should be granted special leniency regarding procedural matters"). Indeed, with respect to failure to prosecute motions against *pro se* plaintiffs, courts have found dismissal without prejudice to be "a less harsh[ ] and more appropriate sanction." *Campbell v. City of New York*, No. 21-CV-04056 (JLR), 2023 WL 2561510, at *2 (S.D.N.Y. Mar. 17, 2023); *see also Shulman v. Apple*, No. 24-CV-8319 (JPO), 2025 WL 1993221, at *1 (S.D.N.Y. July 17, 2025) (dismissing complaint without prejudice for failure to prosecute); *Reynel v. Barnhart*, No. 01-CV-6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (concluding that a dismissal for failure to prosecute should be without prejudice "[g]iven the plaintiff's *pro se* status"). "Dismissal without prejudice adequately balances those interests in this case, by serving 'the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order.' " *Wilson*, 2022 WL 2065030, at *2 (quoting *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)); *see Reynel v. Barnhart*, No. 01-CV-6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (concluding that a dismissal for failure to prosecute should be without prejudice "[g]iven the plaintiff's pro se status").

Thus, the undersigned respectfully recommends that this action be dismissed without prejudice.

## IV. <u>Conclusion</u>

 **\*8**  For the foregoing reasons, the undersigned respectfully recommends that Defendant's motion to dismiss be granted, in part, to wit, this action be dismissed without prejudice for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Defendant shall mail a copy of this Report and Recommendation to Plaintiff via overnight mail and e-mail at the following addresses:

Kentuan Rouse
8829 163rd Street
Jamaica, NY 11432

Kentuan Rouse
89-29 163rd Street, Apt. 40
Jamaica, New York 11432

Email: kentuanrouse007@gmail.com

Defendant shall file proof of service by November 10, 2025.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Gershon. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

**SO ORDERED.**

**All Citations**

--- F.Supp.3d ----, 2025 WL 3537377

---

**Footnotes**

---

1       The Court notes that the address Plaintiff himself provides is slightly different than the address provided by his prior
        attorney. *See supra* at 2-3. "The duty to inform the Court and defendants of any change of address is an obligation that
        rests with all *pro se* plaintiffs." *Alomar v. Recard*, No. 07-CV-5654 (CS) (PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb.
        9, 2010) (adopting report and recommendation and dismissing case where plaintiff failed to comply with his obligation
        to update address or otherwise participate in litigation) (internal quotation and citation omitted). In any event, the Court
        orders that this Report and Recommendation be mailed to both addresses, as set forth below.

---

**End of Document**                                     © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Russell v. Terraferma, Not Reported in Fed. Supp. (2018)

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 59 of 62

2018 WL 2364285
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

James RUSSELL, Plaintiff,
v.
Eric TERRAFERMA and Jason Meyer, Defendants.

1:16-cv-00468(BKS/DJS)
|
Signed 05/24/2018

**Attorneys and Law Firms**

James Russell, Waterford, NY, pro se.

Barbara Underwood, Acting Attorney General, New York State Office of the Attorney General, Kyle W. Sturgess, Assistant Attorney General, The Capitol, Albany, NY 12224, for Defendants.

**MEMORANDUM-DECISION AND ORDER**

Hon. Brenda K. Sannes, United States District Judge

**I. INTRODUCTION**

**\*1**  Plaintiff James Russell, commenced this action under 42 U.S.C. § 1983 alleging that Defendants Eric Terraferma and Jason Meyer, New York State Police Troopers, subjected him to an allegedly unreasonable search and seizure during a traffic stop, in violation of his Fourth and Fourteenth Amendments rights. (Dkt. No. 1). On February 12, 2018, Defendants filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, or, in the alternative, to dismiss for failure to prosecute under Rule 41(b). (Dkt. No. 35). For the reasons set forth below, this action is dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**II. PROCEDURAL HISTORY**

Plaintiff, represented by counsel, filed the Complaint on April 22, 2016. (Dkt. No. 1). On July 8, 2016, Defendants filed an Answer (Dkt. No. 7) and on July 27, 2016, the Court entered a Uniform Pretrial Scheduling Order setting discovery and dispositive motion deadlines. (Dkt. No. 10). On February 21, 2017, Plaintiff's counsel filed a letter stating that he would no longer be representing Plaintiff, that he had advised Plaintiff to locate new counsel, and that he would file a motion to withdraw as counsel. (Dkt. No. 15, at 1). United States Magistrate Judge Daniel J. Stewart stayed all deadlines "pending the resolution of Mr. Russell's representation." (Dkt. No. 16).

On May 2, 2017, Plaintiff's counsel filed a motion to withdraw as counsel. (Dkt. No. 23). On June 1, 2017, Magistrate Judge Stewart held an in-person hearing on the motion, which Plaintiff attended, granted the motion to withdraw, stayed the case for 60 days, and directed Plaintiff "to advise the Court as to the status of retaining new counsel within 30 days." (Dkt. Nos. 24, 26).

On August 31, 2017, Plaintiff filed a status report indicating that he was having difficulty finding new counsel and requesting more time. (Dkt. No. 28). On September 13, 2017, Magistrate Judge Stewart issued a Text Order directing that Plaintiff and defense counsel appear for an in-person conference on September 27, 2017. (Dkt. No. 29).

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 60 of 62

Russell v. Terraferma, Not Reported in Fed. Supp. (2018)

Plaintiff failed to appear for the September 27, 2017 in-person conference. [1] (Dkt. No. 30). After hearing from defense counsel, Magistrate Judge Stewart lifted the stay and issued an amended scheduling order directing the parties to complete discovery by November 30, 2017, and file any dispositive motions by December 29, 2017. (*Id.*). Additionally, Magistrate Judge Stewart "deemed [Plaintiff] Pro Se for the remainder of th[e] action," [2] but noted that he was "not precluded from obtaining counsel at any time," and asked defense counsel to attempt to contact Plaintiff. (*Id.*; Text Minute Entry September 27, 2017).

On October 23, 2017, Defendants served paper discovery demands on Plaintiff along with a notice scheduling Plaintiff's deposition for November 28, 2017. (Dkt. No. 35-1, ¶ 6). Plaintiff did not respond to Defendants' paper discovery demands and "could not be reached by phone to ... confirm that he intended to appear for deposition." (*Id.* ¶ 7).

**\*2** Plaintiff did not appear for his November 28, 2017 deposition. (*Id.* ¶ 8). Defense counsel "sought to contact Plaintiff via ... telephone ... [but] was unable ... to reach the Plaintiff directly, or ... leave a voicemail." (*Id.*). Sometime later, Plaintiff contacted defense counsel and asked if a new date could be set for deposition. (*Id.*).

In a letter dated November 30, 2017, defense counsel advised the Court of Plaintiff's telephone call and indicated that the parties discussed discovery and scheduled Plaintiff's deposition for January 10, 2018. (Dkt. No. 33, at 1). Defense counsel accordingly requested that the discovery and dispositive motion deadlines be extended. (*Id.*). Magistrate Judge Stewart granted the request and extended the discovery deadline to January 12, 2018 and the dispositive motion deadline to February 11, 2018. (Dkt. No. 34).

Defendants re-mailed their paper discovery demands to Plaintiff along with a new notice of deposition, specifying a deposition date of January 10, 2018. (Dkt. No. 35-1, ¶ 12). Plaintiff failed to appear for deposition and, according to defense counsel, "[w]hen contacted by phone after failing to appear, the Plaintiff stated in sum and substance that he had believed his deposition date to have been January 5, and that he had assumed his deposition to have been called off due to inclement weather on that date." (*Id.* ¶ 14).

The parties re-scheduled Plaintiff's deposition for January 12, 2018. (*Id.* ¶ 15). Defense counsel sent Plaintiff an overnight letter "advising him of the deposition date, time and place; again reminding him of his repeated failure to respond to written discovery, and requesting that he bring completed written discovery to his January 12 deposition." (*Id.*; Dkt. No. 35-1, at 25). Plaintiff did not appear for the January 12, 2018 deposition. (*Id.* ¶ 16). Defense counsel's "[a]ttempts to contact him at the time of his deposition proved fruitless, and a voicemail left at the number which had previously been used to communicate with him, went unanswered." (*Id.*)

On February 12, 2018, Defendants filed a motion for summary judgment, or, alternatively, to dismiss for failure to prosecute. (Dkt. No. 35). Defense counsel states that he has not "heard from the Plaintiff concerning this case since our January 10, 2018 phone call during which he pledged to appear for a January 12 deposition" and that Defendants have never received any written discovery from Plaintiff. (Dkt. No. 35-1, ¶¶ 16, 18).

Plaintiff's response to Defendants' motion was due by March 5, 2018. (Dkt. No. 35). On March 13, 2018, the Court issued a Text Order noting that Plaintiff had not filed a response. (Dkt. No. 36). However, because it was unclear whether Plaintiff had received the "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion" required by Local Rule 56.2, the Court directed the Clerk of the Court to send Plaintiff a copy of the requisite notice and extended Plaintiff's response deadline to March 27, 2018. (*Id.*). The Clerk sent the Text Order and notice via regular and certified mail; the copy sent via certified mail was returned stamped "unclaimed" and "unable to forward." (Dkt. No. 37). The copy sent via regular mail was not returned.

On April 30, 2018, the Court issued the following Text Order:

On 2/12/2018 Defendants filed a motion ... for summary judgment and to dismiss this action for failure to prosecute. On 3/13/2018 ... the Court issued a Text Order directing the Clerk to provide Plaintiff with a copy of the "Notification of the

Consequences of Failing to Respond to a Summary Judgment Motion" and extending the date for his response to 3/28/2018. The copy of the 3/13/2018 Text Order and Notification of Consequences sent by certified mail were returned to the Court stamped as "unclaimed" and "unable to forward." The copy sent by regular mail was not returned to the Court. While it appears that a change of address is not the reason for return of the certified mail, Plaintiff is nevertheless advised that Local Rule 10.1(c)(2) requires pro se litigants to notify the Court immediately of a change of address and that failure to do so may result in the dismissal this action. L.R. 41.2(b). In any event, Plaintiff failed to file a response to Defendants' motion. Further, the docket in this action indicates that Plaintiff failed to appear for an in-person conference on 9/27/2017 (see Text Minute Entry on 9/27/2017 and Dkt. No. 30), and has made no contact with the Court since 8/31/2017 (see Dkt. No. 28 (status report) ). Accordingly, Defendants' motion to dismiss for failure to prosecute under Rule 41(b) will be granted and this action will be dismissed unless Plaintiff files, by 5/21/2018, a status report explaining why he has not prosecuted this action diligently.

 **\*3**  (Dkt. No. 38); *see also*, N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."). The Clerk of the Court sent this Text Order via regular and certified mail. (*Id.*). The copy sent via certified mail was returned stamped "refused" and "unable to forward." (Dkt. No. 39, at 1). The copy sent via regular mail has not been returned. To date, Plaintiff has not responded to Defendants' motion; Plaintiff's last contact with the Court was on August 31, 2017—nearly nine months ago. (Dkt. No. 28).

## III. DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). Moreover, the Second Circuit has stated that:

> [T]he involuntary dismissal is an important tool for preventing undue delays and avoiding docket congestion. But it is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (internal citation omitted). The Second Circuit has further stated that courts "should be especially hesitant to dismiss for procedural deficiencies where the failure is by a *pro se* litigant." *Hunter v. N.Y. State Dep't of Correctional Servs.*, 515 Fed.Appx. 40, 42 (2d Cir. 2013) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ) (internal punctuation omitted).

When determining whether dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate, courts must consider the following factors:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake*, 375 F.3d at 254. None of these factors is dispositive. *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013).

Case 9:24-cv-00017-AJB-MJK    Document 75    Filed 03/16/26    Page 62 of 62

Russell v. Terraferma, Not Reported in Fed. Supp. (2018)

Considering these factors, the Court concludes that dismissal for failure to prosecute is warranted under the circumstances of this case. First, Plaintiff's failure to prosecute has delayed this action significantly—it has been pending for more than two years and Plaintiff has yet to submit to deposition or comply with Defendants' discovery demands. Second, Plaintiff was given notice that failure to cooperate or appear in connection with this case could result in dismissal. (Dkt. No. 38). Third, Defendants have been prejudiced by Plaintiff's failure to prosecute this action, (*see* Dkt. No. 35-1, ¶ 17 ("My office secured the attendance of a court reporter, at taxpayer expense, for each of the Plaintiff's three missed deposition sessions."); Dkt. No. 35-3, at 11 ("Defendants have clearly been prejudiced, given that they have not been provided with any materials with which to prepare a defense in this case.") ), and are likely to be prejudiced by an indefinite delay in trial should Plaintiff's claims survive summary judgment. Fourth, while the Court is mindful of Plaintiff's right to be heard, because he has failed to appear for deposition three times and has made no contact with the Court in nearly nine months, despite the Court's directives, (Dkt. No. 30, 38), the Court finds that the need to alleviate calendar congestion outweighs Plaintiff's right to a day in court. Fifth, where, as here, Plaintiff has made no indication that he intends to pursue this action, the Court concludes that a sanction less than dismissal would be ineffective. Thus, having carefully considered the relevant factors, as well as Plaintiff's status as a pro se litigant, the Court finds that dismissal is warranted.

## IV. CONCLUSION

**\*4** For these reasons, it is

**ORDERED** that Defendants' motion to dismiss for failure to prosecute (Dkt. No. 35) is **GRANTED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 35) is **DENIED as moot**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court serve this Memorandum-Decision and Order in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2018 WL 2364285

---

### Footnotes

1    Attempts to reach Plaintiff by telephone were unsuccessful. (Dkt. No. 30).

2    The Clerk of the Court mailed Plaintiff a Pro Se Handbook and Notice on October 2, 2017. (Dkt. No. 31).

**End of Document**                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.