**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

AYOTUNJI AKINLAWON,

                Plaintiff,

                -v-                        9:24-CV-17 (AJB/MJK)

RYAN O'NEIL _et al._,

                Defendants.

_____

APPEARANCES:                              OF COUNSEL:

AYOTUNJI AKINLAWON
Plaintiff, Pro Se
13-B-3238
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

HON. LETITIA JAMES                    SUSANNA M. KLOSE, ESQ.
New York State Attorney General     Assistant Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On January 4, 2024, _pro se_ plaintiff Ayotunji Akinlawon ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that various defendants violated his civil rights while he was confined at Mid-State Correctional Facility in July of 2023.  Dkt. No. 1.  Along with his complaint, plaintiff moved for leave to proceed _in forma pauperis_ ("IFP Application").  Dkt. Nos. 2, 3, 6, 7.

- 1 -

The case was initially assigned to U.S. District Judge David N. Hurd, who granted plaintiff's IFP Application, dismissed several of his claims, and concluded that plaintiff's § 1983 claims for excessive force against defendants O'Neil and Doe #1 required a response. Dkt. No. 9. Thereafter, defendant O'Neil answered the remaining claims, Dkt. No. 15, and the parties attempted to conduct a period of fact discovery, *see* Dkt. Nos. 26, 31, 46, 57. The matter has since been reassigned to this Court. Dkt. No. 39.

At some point during this discovery period, plaintiff stated to opposing counsel—and later to the assigned magistrate judge—that he wanted to voluntarily dismiss this civil action. Dkt. Nos. 48, 64-5. Later, however, plaintiff changed his mind and requested to move forward with discovery. Dkt. No. 58. But plaintiff failed to appear for a re-noticed deposition set for October of 2025. Dkt. No. 64-12. Afterward, defendant's counsel sought and received permission to file a motion to dismiss for failure to prosecute. Dkt. Nos. 62, 63, 64. Plaintiff sought and received an extension of time to oppose the motion. Dkt. Nos. 69, 71. The motion has since been fully briefed. Dkt. Nos. 72, 73, 74.

On March 16, 2026, U.S. Magistrate Judge Mitchell J. Katz advised by Report & Recommendation ("R&R") that defendant's motion to dismiss be granted and that plaintiff's complaint be dismissed with prejudice. Dkt. No. 75. There, Judge Katz recounted the salient procedural history, including the fact that plaintiff repeatedly sought to voluntarily discontinue this action and thereafter failed to participate in discovery, including his re-noticed deposition. *Id.* After weighing the relevant factors under Rule 41(b) and Rule 37, Judge Katz concluded that plaintiff's complaint should be dismissed. *Id.*

Plaintiff has not lodged objections.[1]  The time period in which to do so has expired.  *See* Dkt. No. 75.  Upon review for clear error, Judge Katz's R&R is accepted and will be adopted.  *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 75) is ACCEPTED;

2.  Defendant's motion to dismiss (Dkt. No. 64) is GRANTED; and

3.  Plaintiff's complaint (Dkt. No. 1) is DISMISSED with prejudice.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  April 14, 2026
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge

---

[1]  After Judge Katz issued his R&R, plaintiff filed a "response" to defendant's reply memorandum.  Dkt. No. 76. Although this is technically an unpermitted sur-reply to defendant's motion to dismiss, in light of plaintiff's *pro se* status, and out of an abundance of caution, the Court has reviewed the filing and considered it in light of the R&R's findings and conclusions.  Even viewed in that light, plaintiff's filing does not alter the analysis of the pending motion or the outcome of the R&R.